[No. 14835.   In Bank. — December 30, 1891.]

## IN THE MATTER OF J. H. SHARP, IN INSOLVENCY.

<div style="margin">92   577<br>102  657</div>

INSOLVENCY — APPEAL BY ASSIGNEE — BOND — STAY OF PROCEEDINGS. — Under section 67 of the Insolvent Act of 1880, the bond of an assignee in insolvency operates as an undertaking on appeal when the assignee appeals from any judgment or order in the insolvency proceedings, and also has the effect to stay proceedings on that judgment or order, when it directs him to pay over money, as effectually as if a new undertaking were given for that purpose.

ID. — APPEAL FROM ORDER TO PAY CREDITORS — PROCEEDINGS FOR CONTEMPT — ORDER FOR STAY. — Pending an appeal by the assignee of an insolvent from an order of the trial court settling his final account and directing him to pay a dividend to the creditors, where the trial court ordered the assignee to appear and show cause why he should not be punished for contempt of court for failing to execute the order of the court appealed from, no new bond having been given to stay proceedings, the assignee is entitled to an order of the appellate court, upon his petition therefor, directing a stay of all proceedings under and in execution of the order appealed from.

ID. — DIVIDEND TO CREDITORS — INTEREST — DAMAGES FOR VEXATIOUS APPEAL. — An order settling the account of an assignee in insolvency, and directing the payment of a dividend to the creditors, has the effect of a judgment, and draws a like rate of interest; and if the appellate court should, upon the hearing of an appeal therefrom by the assignee, be of the opinion that the legal rate of interest is not sufficient compensation for the delay, and that the appeal is taken solely for delay, it has the power to make an additional allowance by way of damages.

APPLICATION to the Supreme Court for an order directing a stay of proceedings.   The facts are stated in the opinion of the court.

*Walter D. Mansfield*, for Petitioner.

*Edward P. Cole, contra.*

DE HAVEN, J. — Charles R. Allen, the petitioner herein, is the assignee in insolvency of one Sharp, an insolvent

XCII. CAL.—37

debtor, and has given a bond for the faithful discharge of his duties as such assignee. On November 10, 1891, the court in which said insolvency proceeding was pending made an order settling the final account of said Allen, as such assignee, in which order a certain credit of $250, claimed in the account filed by him, was disallowed by the court, and as a part of the same order, directed him to pay over to the creditors of the insolvent the amount of money adjudged to be in his hands by such order, to wit, the sum of $3,662.86. Thereafter, the assignee perfected an appeal to this court from the order settling his account, and filed an undertaking for the payment of all damages and costs which might be awarded against him on the appeal not exceeding three hundred dollars.

The assignee having failed to distribute the money belonging to the estate of the insolvent, as required by the order before referred to, was cited to appear before the judge of the superior court, and show cause why he should not be punished as for a contempt of court.

This is an application for an order of this court directing a stay of all proceedings under and in execution of the order settling the account of said assignee, pending the decision of this court on the appeal therefrom.

1. The petitioner is entitled to the order which he asks. By section 67 of the Insolvent Act of 1880, it is provided that an appeal may be taken from an order settling the account of an assignee, and it is further provided: " The notice, undertaking, and procedure on appeal shall conform to the general laws of this state regulating appeals in civil cases, except that when the assignee has given an official undertaking, and appeal[s] from a judgment or order in insolvency, his official undertaking stands in the place of an undertaking on appeal, and the sureties therein are liable on such undertaking."

Under this section the bond of the assignee operates as an undertaking on appeal, when the assignee appeals from any judgment or order in the insolvency proceedings, and also has the effect to stay proceedings

on the judgment or order, when it directs him to pay over money, as effectually as if a new undertaking were given for that purpose. The object of this provision of the statute is apparent. The official bond of the assignee is a security for the proper distribution of all money or property found to be in his hands by the final judgment settling his accounts, and hence, when he appeals from such an order, it is not necessary for the security of the creditors whom he represents that another undertaking should be given, binding him to the performance of the same obligation.

It is urged, however, that the assignee was not aggrieved by the order settling his account, except in so far as it disallowed the credit of $250, which he claimed in his account, and that he has no right to appeal from the entire order, and by staying all proceedings be permitted to retain in his hands over $3,000, about which there is no dispute. That is a question, however, which goes to the merits and the good faith of the appeal, and cannot be considered in this collateral proceeding. The order settling the account has the effect of a judgment, and draws a like rate of interest, and if, upon the hearing of the appeal, the court should be of opinion that the interest allowed by law is not sufficient compensation for the delay, and that the appeal is not taken in good faith, but for delay, it has the power to make an additional allowance, by way of damages.

Ordered that a stay of proceedings be granted in accordance with the prayer of the petition.

McFARLAND, J., GAROUTTE, J., and SHARPSTEIN, J., concurred.

HARRISON, J., concurring. — I concur in the order staying proceedings, but I am not prepared to say that an order settling the account of an assignee in insolvency, and directing the payment of a dividend to the creditors, is such a judgment as will bear interest from its entry.

The assignee is an officer of the court, and his relation to the creditors is only that of a trustee, and the general rule is, that a trustee is not liable for interest upon moneys of which he is only the custodian, until he repudiates the trust, or does some act inconsistent therewith. The assignee's relation as trustee is not terminated by the entry of the judgment, and his trust would not be repudiated until after a demand of payment by the creditors and a refusal on his part. If, when such demand is made, there is a sufficient reason for his refusal, he cannot ,be said to have repudiated his trust. The statute gives to an appeal from the order the effect of staying proceedings, and to prevent him from making payment of the dividend. The question, however, is not involved in the present motion, and as any *dictum* in reference thereto will not be authority upon the court when the question may be presented for decision, I am unwilling to concur in any statement that might hereafter be treated as prejudging the case of some one who may desire to present it with argument for actual decision.