---

ESTATES OF DECEASED PERSONS—ORDER FOR PAYMENT OF CLAIM—APPEAL —ADMINISTRATOR'S BOND—STAY OF PROCEEDINGS.—An appeal may be taken by an administrator from an order directing the payment of a debt or claim, and the fact that the claim is less than three hundred dollars does not impair the right of appeal, and the bond of the administrator stands in place of an undertaking on appeal, not only for the purpose of perfecting the appeal, but also to stay proceedings upon the order appealed from, and the failure of the administrator to file an appeal bond does not render the appeal ineffectual.

ID.—CONTEMPT—ILLEGAL IMPRISONMENT—HABEAS CORPUS.—Pending such appeal, the superior court has no jurisdiction to punish the administrator for a contempt of its authority in failing or refusing to pay the claim, and where found guilty of such contempt, and sentenced to imprisonment until the payment is made as directed, the administrator will be discharged from such imprisonment upon a writ of *habeas corpus.*

PETITION to the Supreme Court for release from imprisonment upon a writ of *habeas corpus.*

The facts are stated in the opinion of the court.

*Thomas F. Barry,* for Petitioner.

*J. B. Reinstein,* for Respondent.

The COURT.—The petitioner is administratrix of an estate in probate. As such she was ordered by the superior court, in which the administration was pending, to

pay a claim allowed on account of expenses of the last illness of her intestate. From this order she took an appeal to this court. Notwithstanding her appeal she was cited by the superior court to show cause why she should not be punished for a contempt of its authority, in failing or refusing to pay said claim. After a hearing she was found guilty of the contempt charged, and sentenced to be imprisoned until she should make the payment as directed. Upon being taken into custody she sued out this writ to test the legality of the imprisonment.

We are of the opinion that the imprisonment is illegal. This court has appellate jurisdiction in "all such probate matters as may be provided by law." (Const., art. VI, sec. 4.) By section 963 of the Code of Civil Procedure, an appeal may be taken from an order directing the payment of a debt or claim. The statute makes no limitation as to the amount of the debt or claim, and the fact that the claim in question here is less than three hundred dollars does not impair the right of appeal.

And the failure of petitioner to file an appeal bond does not render her appeal ineffectual. Her bond as administratrix stands in place of an undertaking on appeal, not only for the purpose of perfecting the appeal, but also to stay proceedings upon the order appealed from. (Code Civ. Proc., sec. 965; *In re Sharp*, 92 Cal. 579.)

It is contended that the official bond of an administratrix does not operate as an undertaking on appeal unless an order is made pursuant to section 946 of the Code of Civil Procedure, dispensing with other security. But section 946 applies to cases in which the executor, administrator, or guardian is party plaintiff or defendant in an action, and appeals from a judgment or order in such action, while section 965 applies to appeals from judgments and orders made in the probate proceedings. In such a case the law dispenses with an undertaking on appeal for the reasons mentioned in the opinion of of this court in the matter of *In re Sharp*, 92 Cal. 579.

CII. CAL.—42

The prisoner, having appealed and stayed all proceedings upon the order which she is charged with violating, cannot, pending her appeal, be punished for a failure to obey it.

Prisoner discharged.