[No. 15682.    In Bank.—June 15, 1894.]

JAMES D. RUGGLES, PETITIONER, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO AND J. V. COFFEY, JUDGE, RESPONDENTS.

ESTATES OF DECEASED PERSONS—ORDER FOR PAYMENT OF FAMILY ALLOWANCE—EFFECT OF APPEAL—STAY OF PROCEEDINGS.—An appeal from an order directing an administrator to pay to the widow of the deceased a certain sum as accrued and unpaid family allowance operates as a *supersedeas*, and stays all further proceedings in the court in the particular matter involved in the order appealed from.

ID.—JURISDICTION OF SUPERIOR COURT—CONTEMPT PROCEEDINGS—PROHIBITION.—Upon an appeal which stays proceedings the subject matter is removed from the jurisdiction of the lower court until the appeal has been determined; and the superior court has no jurisdiction pending an appeal from an order directing the administrator to pay a certain sum of money upon a family allowance to punish the administrator for contempt in not obeying the order, and the supreme court will issue a writ of prohibition to prevent such proceedings, as being in excess of the jurisdiction of the superior court.

ID.—EFFECTIVENESS OF APPEAL—JURISDICTION TO DETERMINE WHETHER ORDER IS APPEALABLE.—Where an appeal from an order has been taken to the superior court, and that court has refused to dismiss it without prejudice, its determination is as effectual for the purposes of the case as if determined for all purposes; and the question whether the order appealed from shall be ultimately held appealable or not, is one that properly arises upon determination of the appeal pending in the supreme court, and cannot be considered upon an application to prohibit the superior court from proceeding to enforce its order, upon the ground that the order is not appealable.

APPLICATION for a writ of prohibition to the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*M. T. Moses*, and *Sumner & Moses*, for Appellant.

An appeal having been taken, and all security dispensed with as authorized by section 946 of the Code of Civil Procedure, it operated as a *supersedeas*, and stayed all further proceedings. (*Pennie* v. *Superior Court*, 89 Cal. 31; *Estate of Schedel*, 69 Cal. 241; *Estate of Woods*, 94 Cal. 566.) As further proceedings were stayed, the court had no jurisdiction to compel performance of the order appealed from or to punish for contempt for a refusal to obey that order, and prohibition is the proper remedy in such a case. (*Havemeyer* v. *Superior Court*, 84 Cal. 329; 18 Am. St. Rep. 192; *Gordan* v. *Buckles*, 92 Cal. 481; *Hedges* v. *Superior Court*, 67 Cal. 405; *Covarrubias* v. *Supervisors*, 52 Cal. 622; *Brown* v. *Moore*, 61 Cal. 432.) The court cannot determine in this proceeding whether or not the order is appealable, as the record is not before the court. (*Estate of Stuttmeister*, 75 Cal. 346.)

*Garrett W. McEnerney*, and *Stanly, Hayes, McEnerney & Bradley*, for Respondents.

The supreme court has jurisdiction on appeal in such probate matters only as are made appealable by law. (Const., art. V, sec. 4; *In re Walkerly*, 94 Cal. 352.) Although an appeal will lie from an order granting a family allowance, none will lie from one directing the administrator to obey one previously made and now final. (Code Civ. Proc., sec. 963, subd. 3; *Estate of Martin*, 56 Cal. 208; *Stuttmeister* v. *Superior Court*, 71 Cal. 322.) It was the duty of the court below to enforce its order notwithstanding a pretended appeal therefrom, when as a matter of law no appeal would lie therefrom. This duty necessarily involved the power of determining whether an appeal would lie or not. (*Bauman* v. *Hoboken*, 49 N. J. L. 537; *Mokelumne H. C. etc. Co.* v. *Woodbury*, 10 Cal. 188; *La Societe etc.* v. *McHenry*, 49 Cal. 351.)

VAN FLEET, J.—Application for prohibition. Peti-
tioner is the administrator of the estate of one Henry
Welch, deceased, in course of administration in the
department of said respondent superior court presided
over by said Hon. J. V. Coffey, judge thereof.    On
February 16, 1894, an order was made and entered in
said estate, directing petitioner, as such administrator,
to pay to the widow of said deceased seven thousand
three hundred and seventy-five dollars, as accrued and
unpaid family allowance.   From this order the admin-
istrator, on February 20, 1894, perfected an appeal to
this court.   Thereafter, the widow moved this court to
dismiss said appeal, which motion was subsequently, on
the fifth day of March, denied, and the appeal is still
pending and undetermined.   Subsequent to the denial
of said motion, the respondent judge, on the seventh
day of March, at the instance of the widow, caused
a citation to be issued and served upon petitioner,
requiring said petitioner to show cause before the
respondent superior court, on the eighth day of March,
1894, why he should not be punished for contempt in
failing and refusing to obey the order of February 16th,
requiring him to pay said family allowance.   On the
last-mentioned date, petitioner, in obedience to the cita-
tion, appeared before said court, and in response thereto
brought properly to the attention of the court the said
appeal and the order of this court denying the motion
to dismiss the same, and then objected that neither the
superior court nor the judge thereof had any power or
jurisdiction to proceed with or hear said matter of con-
tempt, or to enforce said order for the payment of fam-
ily allowance, by reason of the pendency of the appeal.
But notwithstanding the showing so made by petitioner,
and disregarding his objections, said superior court and
the judge thereof, respondents, threatened to proceed in
said matter, and to punish petitioner for his refusal to
obey said order; whereupon this application for prohi-
bition was made.

The sole question arising is as to whether the supe-

rior court is acting in excess of its jurisdiction in the premises. Under the facts stated we are constrained to hold that it is. The appeal from the order in question operated as a *supersedeas*, and stayed all further proceedings in the court below in the particular matter involved in the order appealed from. By the appeal the order or decree is set at large, and the subject matter removed from the jurisdiction of the lower court, until the appeal has been determined, and the matter remitted back from the appellate court. In the case of *Pennie* v. *Superior Court*, 89 Cal. 31, the lower court made an order for family allowance, from which an appeal was taken. Pending the appeal the lower court made an order directing the administrator to pay the money allowed by the previous order. The latter order was annulled by this court on *certiorari*, upon the ground that the appeal had removed the subject matter of the order from the jurisdiction of the superior court, and it had not authority to further proceed with its enforcement pending the appeal. And in the recent case of *Ex parte Orford*, 102 Cal. 656 (opinion filed in Department Two of this court June 8, 1894), the same question arose: An administratrix of an estate in probate had been ordered to pay a certain claim against the estate. She appealed from the order, but, notwithstanding her appeal, the lower court proceeded against her as for a contempt in refusing obedience to its order, and punished her by imprisonment until she should comply with the order. This court discharged her on *habeas corpus*, holding that " the petitioner, having appealed and stayed all proceedings upon the order which she is charged with violating, cannot, pending her appeal, be punished for a failure to obey it."

It is urged here by the respondents, however, as it was on the motion to dismiss the appeal, that the appeal attempted to be taken by petitioner herein is ineffectual to stay the hand of the lower court, because no appeal lies from an order such as the one under consideration. But that question does not arise in this proceeding. An appeal from the order has been taken to

this court, and this court has refused to dismiss it; this determination is as effectual for the purposes of this proceeding as if determined for all purposes. Its effect is that this court is thus far entertaining the appeal, and while it does so the respondents are not at liberty to proceed in the matter. Whether the order in question shall be ultimately held appealable is a question that will properly arise in the matter in which the appeal is pending, but, for the reason stated, it is not involved here.

The proceedings complained of being in excess of the jurisdiction of respondents, a peremptory writ should issue as prayed.

It is so ordered.

De Haven, J., Garoutte, J., Harrison, J., McFarland, J., Beatty, C. J., and Fitzgerald, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing, and filed the following opinion on the 17th of July, 1894:

Beatty, C. J., dissenting.—I dissent from the order denying a rehearing of this cause, and, having concurred at the time in the decision heretofore pronounced by the court, I desire to state the grounds of my present conviction that said judgment was erroneous. When the superior court has made an order or judgment from which there is no appeal, and which is therefore a final adjudication of the rights of the litigants, the prevailing party is entitled to demand the enforcement of such order or judgment, and it is not only the right, but the duty, of the superior court to accord the proper relief by the appropriate process. That court is not relieved of such duty by the fact that the defeated party has attempted to appeal to this court, and thereby to stay the proceedings. When asked to enforce its order, and the fact is brought to its knowledge that an appeal has been taken or attempted, a question is then presented as to

its jurisdiction to proceed, dependent for its solution
upon the further question whether the order is final
and unappealable or not, and this question it must
decide.   If it should erroneously decide that the order
is not appealable when it is appealable, then alone has
this court the power to interpose by prohibition, and
arrest its process.   No one denies the truth of this prop-
osition as applied to a case where there has been no
motion made in this court to dismiss the appeal upon
the ground that the order is nonappealable, but because
in this case the prevailing party in the superior court
raised the question here by a motion to dismiss, which
was disposed of without any decision of the question
involved, a distinction is made, and it is held that the
superior court is exceeding its jurisdiction in enforcing
the order in question, whether it is final and nonappeal-
able or not; in other words, that it is exceeding its juris-
diction in enforcing an order which it holds to be final,
and which we have never held, do not now hold, and
may never hold, to be appealable.   For it should be
understood—a fact which does not clearly appear from
the opinion of the court—that the order overruling the
motion to dismiss the appeal was made expressly *with-
out prejudice*, which, whatever else it may or may not
mean, certainly does mean that the question involved
in the motion was left open and undecided—that is to
say, the motion was disposed of and taken as completely
out of the case for all purposes as if it had never been
made, but the question whether the order of the supe-
rior court is final or appealable was left at large—neither
party was estopped—nothing was foreclosed.   Such
being the case, the party claiming the benefit of the
order, having been turned out of this court without a
decision of a question which undoubtedly he could have
presented in the first place to the superior court, re-
turned to that tribunal, and demanded the enforcement
of its order, a right to which he is clearly entitled if it
is final.   I can see nothing in the proceedings here

which relieved the superior court of the duty of hearing and determining the question so presented. The fact that we were "entertaining the appeal" is no answer to this proposition. It might just as truly, and with as much meaning, have been said that we were "entertaining the appeal" if no motion to dismiss it had ever been made. We are always entertaining appeals in cases in which no motion to dismiss has been made, and in which there is a question whether the order or judgment of the lower court is appealable or not. In all such cases, the question of our jurisdiction is pending and undetermined in the same sense and to the same extent that it is pending and undetermined in this case. But no one would contend for a moment that in such a case we could properly prohibit the enforcement of the order appealed from without determining that it was appealable, for unless we did hold it appealable, we could not say that the lower court was exceeding its jurisdiction. If a proposition so plain needed authority to support it, such authority is found in the case of *Tyler* v. *Connolly*, 65 Cal. 28.

In every appeal in which a question may be raised as to the finality of the order or judgment of the lower court, that question must be ultimately decided here, but upon the question of enforcing the order or judgment pending the appeal, the lower court not only can but must decide in the first instance whenever its decision is properly invoked. This court may decline to decide the question upon a preliminary motion and in the absence of a full record, as was done in this case, but when it chooses to take that course (disposing of the motion, but reserving the right upon the final submission of the cause to consider the question of jurisdiction then, and meantime leaving it undetermined), the case is put in precisely the same condition as if the motion had not been made, and no valid distinction can be raised by the suggestion that we are "entertaining the appeal."

For these reasons I am of the opinion that until we are prepared to say that an appeal lies from the order of the superior court, we have no right to prohibit its enforcement.