[No. 2030.  Decided February 7, 1896.]

THE STATE OF WASHINGTON, *on the Relation of* SCHWA-BACHER BROS. & CO., v. THE SUPERIOR COURT OF KING COUNTY *et al.*

MONEY IN REGISTRY OF COURT — DISPOSITION PENDING ACTION — WRIT OF PROHIBITION.

Where a contest arises between a receiver and prior execution and attachment creditors, and the property in dispute is by the court ordered to be turned over to the receiver to be sold and the proceeds thereof paid into court to abide the determination of the

issues in an action by the receiver to annul the judgment and dissolve the attachment under which the property had been levied on, the court has no jurisdiction, when an appeal has been taken and a supersedeas bond filed, to make any order which would authorize the clerk to pay out any portion of the fund, even for the receiver's court expenses, until the determination of the action.

A writ of prohibition will lie to restrain a court from making an order depleting a fund in the hands of the clerk, which is claimed by a receiver and by creditors who had obtained possession thereof prior to his appointment by means of execution and attachment levies, when the court has made one order authorizing a certain amount to be paid out of such fund, and has stated, upon a motion pending asking for another order, that if the circumstances are the same as disclosed on the former application it will grant the order; it further oppearing, that, at the time of granting the first order for the depletion of the fund, it had denied the relator's request for three hours' time to perfect an appeal and give a supersedeas bond, before such order should be carried into effect.

*Original Application for Prohibition.*

*Donworth & Howe,* for relators.

*Allen & Powell,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.— Prior to November 27, 1894, relator had recovered a judgment in an action in which it was plaintiff and the Abrahams Grocery Company was defendant. On that day it sued out an execution on said judgment and caused the same to be levied on certain articles of personal property belonging to said Abrahams Grocery Company. On the same day it commenced another action against said company, and therein duly sued out a writ of attachment and caused it to be levied upon the same property, and the sheriff went into full possession thereof under said execution and said writ of attachment.

Thereafter, in an action instituted by parties other than the relator and to which it was not a party, one

Wesley Compton was appointed receiver of said Abrahams Grocery Company, and thereafter as such receiver, commenced an action against the relator and the sheriff by which it was sought, among other things, to have the judgment under which the levy upon execution had been made declared null and void and the attachment issued in the other action dissolved. Before the issues had been made up in this action the court made an order that the property should be turned over to the receiver and by him sold and the proceeds thereof paid to the clerk and remain in his custody to abide the determination of the issues thereafter to be joined in the cause. Acting under this order the receiver took possession of the property, sold it and paid the proceeds to the clerk, by whom it was deposited in the action brought by the receiver against the relator and the sheriff. Thereafter said cause was tried upon issues duly joined and a judgment and decree substantially as prayed for rendered in favor of plaintiff. From this judgment relator appealed to this court, and gave a supersedeas bond, the sufficiency of which has not been questioned.

In said action the claim upon the part of the receiver was that he was entitled to the possession of the property or its proceeds. On the part of the relator it was claimed that it was entitled to have the property retained in the hands of the sheriff and sold by him and the proceeds applied in satisfaction of the the judgment already rendered in the one action, and of any that might be rendered in the action in which the writ of attachment had been issued. From this it will appear that the subject matter of the controversy between the parties was as to which one was entitled to the property and its proceeds. If the claim of the plaintiff was substantiated he was entitled to

it, and, if that of the relator was sustained, the judgment would be such that all of the property would be applied upon judgments in its favor. The controversy ·admitted of no compromise. From its very nature, one or the other of the parties was entitled to the property or its proceeds, and the fact that the court, pending the action, made an order placing the property in the hands of the receiver° for the purpose of having it converted into money and such money deposited in the action to abide the result, could have no influence upon the questions to be decided.

Hence it must be held that until the action had been decided in the lower court it was beyond its power to make an order in the action which would in any manner deplete the fund derived from the sale of the property. If it was within the power of the court to materially interfere with a subject matter about which parties were litigating before the determination of such litigation, there would be little use in attempting to wage any litigation to a successful issue, for the reason that when such issue had been reached it might be found that the court had so disposed of the subject matter of the suit as to make the successful determination of the litigation of no value.

The proceeds of this property, when deposited with the clerk in this action, could not be interfered with by the court until the final determination of the rights of the parties in regard thereto. It must follow that the right which the court had to interfere with this fund, if any, was derived from the judgment and decree rendered in the action. But from this judgment and decree an appeal had been taken and a supersedeas bond filed, and after that was done, neither of the parties nor the court could found any action upon such judgment until determination of the ap-

41—13 WASH.

peal.    Notwithstanding these facts, it was made to appear by the application for the writ of prohibition and by the answer to the alternative writ, that pending such appeal the court had assumed the right to deplete and had depleted said fund, and was threatening to still further deplete it.

What we have said is sufficient to show that, in doing so, it was proceeding without jurisdiction.    It is true that it is alleged in said answer that it was not the intention of the respondent to interfere with such fund further than was necessary to enable the receiver to properly present the cases which he was prosecuting or defending at the instance of the court.    But the amount to which the fund was to be depleted was immaterial.    If the court had the right to deplete it at all it was because it had jurisdiction and, if it had such jurisdiction over it, could authorize it all to be disbursed, and the appellant thus be deprived of the fruits of its appeal, should it result favorably to it.

There is a suggestion in the answer that the receiver could not properly present his case on appeal unless he was allowed to use some of this fund.    If the law had reached such a stage that the court could require a party possessed of means to pay the necessary expenses of his adversary, if he had no means of his own, there would be force in this suggestion.    But the law has not reached that advanced stage.

There is also a suggestion that in the determination of a former proceeding in this court by which it was sought to prohibit the superior court from carrying into effect the order to turn over the property to the receiver, the question here presented had been determined adversely to the claim of relator.    But we do not so understand the decision in that proceeding.    All that

was therein decided was that the writ would be denied
for the reason that relators had an adequate remedy
by appeal, which reason for denial was an insufficient
one if the claim of the respondent to jurisdiction over
the fund should be sustained.  We are compelled to
hold that the court had no jurisdiction to make any
order which would authorize the clerk to pay out any
of this fund until the determination on appeal of the
cause in which it was deposited.

The only other question presented is as to whether or
not the action of the court was such that the relator
had a right to presume that such orders would be made
if not prohibited.  Upon this question it was made to
appear from the application, and not denied in the
answer, that the court had made one order authorizing
a certain amount to be paid out of this fund, and that
a motion was pending which asked for another order,
and that the court had stated that if the circumstances
were the same as disclosed upon the former applica-
tion, it would be granted and an order made further
depleting the fund.  It also appeared that at the time
the first order was made relator asked for sufficient
time before it was carried into effect to perfect an ap-
peal therefrom and give a bond to supersede it; that
its request for the short period of three hours in which
to do this was denied.  .

Under all these circumstances we think the relator
was justified in coming to this court and asking it to
prevent, by its writ, any further orders being made
by which this fund might be depleted, before the de-
termination of the appeal in the action.

The alternative writ heretofore granted will be made
permanent.

Dunbar, Anders and Scott, JJ., concur.