166    657
169    685

# CUENDET et al. v. HENDERSON, Judge, et al.

### In Banc, February 19, 1902.

**Administration:** REVOCATION OF LETTERS: EFFECT OF APPEAL: PROHIBI-
TION. An appeal from an order of the probate court revoking letters
of administration, and the giving and approval of the statutory bond,
causes a supersedeas, and operates to vacate the order pending the ap-
peal and to transfer the whole matter in controversy to the circuit
court. Pending that appeal the probate court has no authority to ap-
point another administrator, nor to order the one removed by the
order to turn over to such appointee the assets of the estate or to
make settlement with him. This is the clear meaning of the statute,
and the reason for the existence of such a rule, aside from the statute,
is manifest. And the Supreme Court, on proper application, will pro-
hibit the probate court from attempting to enforce such orders pend-
ing such appeal.

### *Prohibition.*

RULE MADE ABSOLUTE.

*Grover & Grover* for petitioner.

(1) Cuendet's right to appeal to the circuit court of
the city of St. Louis from the judgment of the probate court
revoking his letters of administration is statutory. Art. 14,
Administration statute. (a) Section 278 grants the right of
appeal from any orders which the probate court may render in
fifteen different "cases." Subdivision 9 of that section par-
ticularizes one of the cases to be "on all orders revoking letters
testamentary or of administration." (b) The only condi-
tions attached to the right of appeal in any and all of the fif-
teen cases is, that the aggrieved party must file his affidavit,
and shall, in every case, file an appeal bond, either in the
probate court or in the circuit court. Secs. 280, 281. (2)

Vol 166 mo—42

When the aggrieved party (the administrator, heir, devisee, legatee, creditor or other person having an interest in the estate under the administration) shall have filed his affidavit and his appeal bond, approved by the probate court, and the appeal shall have been allowed by an order of the probate court, that appeal operates as a supersedeas of the special matter appealed from. Sec. 283, R. S. 1899; 2 Woerner, Adm., 1202, par. 547 and 1208, par. 550. (3) The decision of this court in Mullanphy v. St. Louis County Court (6 Mo. 563, construing this same statute) holding that the supersedeas division of the statute extends only to "cases" where the appellant is adjudged to pay a debt, is erroneous and should be overruled. (a) The opinion of Judge Tompkins is supported by neither prior adjudications, nor by any reasons given by him. It is a mere *dictum*. (b) The opinion arbitrarily disregards the definite provisions and purposes of the statute itself, and amounts to judicial legislation. (c) The opinion disregards the fact that the requirement of an "appeal bond" is not limited to cases where the appellant is adjudged to pay a debt. In every one of the fifteen "cases" in which appeals are allowed the appellant must give an appeal bond. He must give an appeal bond on appeal from an order revoking letters of administration. (d) The purpose of an appeal bond is to indemnify the appellee against any injury he may sustain by reason of the appeal. But if the appeal does not prevent the person in whose favor a judgment is rendered from at once receiving the full benefit of the judgment, in what way can the appellee be injured by the appeal? Why should the appellant give an appeal bond, to indemnify the appellee against injury, which can never accrue? (e) Under the Revised Statutes of 1899, when an appeal has been granted from the judgment of the probate court there is a trial *de novo* in the circuit court, which court "shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings in the probate court."

Cuendet v. Henderson.

The circuit court proceeds as if the case had originally been brought there, and as if there had never been a judgment in the probate court.  Sec. 285, R. S. 1899.  The same thing results in an appeal from the judgments of justices of the peace.  Sec. 4071, R. S. 1899.  In both classes of appeals there is an absolute requirement that the appellant shall give an appeal bond, no matter what the character of the judgment appealed from.  In both classes of cases "the effect is to vacate and set aside the judgment appealed from."  In fact, after the appeal there is no judgment in the probate court which can be enforced.  2 Woerner, Adm., p. 1208, par. 550; Earl v. Hart, 89 Mo. 268; Turner v. Northcut & McCarthy, 9 Mo. 253; Williams v. Lewis, 47 Mo. App. 659.

*Rassieur & Buder* for respondents.

(1)  "An appeal lies from the decision of the county court revoking letters of administration; such appeal, however, does not operate as a supersedeas.  The provision of the statute, concerning the supersedeas, only applies to those cases in which the appellant is adjudged to pay a debt."  Mullanphy v. St. Louis County Court, 6 Mo. 563; Harney v. Scott, 28 Mo. 333; Branson v. Branson, 102 Mo. 613; State ex rel. v. Fowler, 108 Mo. 465.  (2)  "Upon the filing of an affidavit and bond and the approval of the latter, the appeal shall be granted, but shall not operate as a supersedeas in any other matter relating to the administration of the estate, except that from which the appeal is specially taken.  . . ."  Sec. 283, R. S. 1899; 2 Woerner's Am. Law of Adm., p. 1204, par. 548; Branson v. Branson, supra; State ex rel. v. Fowler, supra.

ROBINSON, J.—This is an original proceeding instituted in this court to obtain a writ of prohibition directed to the probate court of the city of St. Louis, prohibiting, during

the pendency of plaintiff's appeal, its carrying out or taking any steps whatever to enforce a certain order or decree revoking plaintiff's letters of administration on the estate of E. J. Cuendet. The material facts out of which this controversy arises as set forth in plaintiff's petition for the writ, are these:

The plaintiff is the sole heir and residuary legatee under the will of Eugene J. Cuendet, deceased. In 1894 letters testamentary were duly issued to Thomas Witt, the executor named in the will, who then qualified and entered upon the discharge of his duties as executor. On December 5, 1899, Witt resigned his executorship. The plaintiff being then of age and entitled under the statute to administer, was by the probate court of the city of St. Louis appointed administrator of the estate with the will annexed, and duly qualified as such administrator by executing and filing a bond in the sum of $340,000, with solvent sureties approved by the court, and thereupon entered upon the discharge of his duties as administrator and took possession of all property and assets belonging to the estate.

On June 15, 1900, Wm. C. Richardson, public administrator of the city of St. Louis in charge of the estate of Uraine Cuendet (plaintiff's mother) presented a petition to the probate court disclosing the fact that the estate of Uraine Cuendet had a claim against the estate of Eugene J. Cuendet and asking that the letters of administration theretofore granted to plaintiff be revoked. On September 14, following, the probate court revoked plaintiff's letters, and appointed Albert Aiple administrator in his stead. Plaintiff then filed a motion to have set aside the order revoking his letters, and during the pendency of this motion, Aiple was permitted to qualify as such administrator.

On September 20, the court overruled plaintiff's motion to set aside order of revocation, and plaintiff thereupon filed his affidavits for appeal to the circuit court, one as heir and

distributee, and the other in his capacity as administrator of the estate of Eugene J. Cuendet.  At the same time the court fixed the amount of the appeal bond to be given by plaintiff, in his individual capacity, at $30,000, and fixed the amount of his bond as administrator at $250, which said bonds were duly executed by the plaintiff with solvent sureties, and approved by the court, and on the same day the court entered orders granting appeals to the circuit court to Eugene R. Cuendet and to Eugene R. Cuendet administrator, and the clerk of the probate court duly transmitted to the circuit clerk a certified transcript of the record and proceedings relating to said application for the revocation of letters of administration, together with the original papers pertaining thereto.   Notwithstanding said appeals, and the approval of said appeal bonds therein, and while said appeals were pending in the court, Aiple, claiming to be administrator *de bonis non* of the estate of E. J. Cuendet, applied to the probate court for an order compelling the plaintiff to make final settlement with said Aiple of his administration of said estate, and asking the court to ascertain the amount of money and property of the estate in plaintiff's possession, and for a judgment in favor of Aiple and against plaintiff compelling the latter to turn over and deliver to Aiple all the property and assets of said estate in his possession, and for an execution against plaintiff and the sureties on his official bond, enforcing such judgment.   Upon the filing of said motion the court recognized said Aiple as administrator of the estate of E. J. Cuendet, and ordered a summons to be issued for plaintiff as a basis for issuing execution against him in pursuance of the order revoking his letters.

The petition for the writ then concludes as follows:

"Your petitioner now alleges that by the orders allowing appeals from the said decree vacating and revoking petitioner's said letters of administration and by the filing of said appeal bonds, approved and accepted by the said Hon. W. W. Henderson, judge of the probate court, the said judgment and de-

cree vacating and revoking said letters of administration is suspended, and has become inoperative during the pendency of said appeal; and petitioner is still the lawful administrator of the said estate, and as such is vested with title to and is entitled to the custody, control and management of all the property and assets thereof. The said probate court of the city of St. Louis is without jurisdiction, authority or warrant of law to proceed further under the said order and decree appealed from, and was and is without authority, jurisdiction or power to appoint and qualify said Aiple as administrator of the estate of E. J. Cuendet or to recognize him as such administrator, and without power and authority to compel your petitioner as administrator aforesaid to make, at this time, final settlement of his administration of said estate, and without jurisdiction, power and authority to compel your petitioner to turn over and deliver to said Albert J. Aiple or to any one else who may be appointed by said probate court administrator of the estate of E. J. Cuendet, any and all of the property and assets of the said estate of E. J. Cuendet in the hands of your petitioner as such administrator. And the said Albert J. Aiple is without any legal right, power or authority to discharge the duties and functions of administrator of said estate or to be vested with title or to have the custody of the property and assets thereof, and is not so vested with title.

"Nor has said Aiple any right, authority or legal standing to demand that your petitioner, Eugene R. Cuendet, should make, with him, said Aiple, final settlement or an accounting of petitioner's administration of the said estate of E. J. Cuendet, nor has said Aiple any right, or authority or legal standing to demand of your petitioner the delivery to him, said Aiple, of all the personal property, and delivery to him of all the assets of said estate.

"All of the said acts, orders, decrees and proceedings of the said Hon. W. W. Henderson, judge of the said probate court of the city of St. Louis, State of Missouri, done, entered

and taken, since the filing of said appeal bond, and since the order granting said appeal, are usurpations of judicial power, and in excess of the authority of the said probate court of the city of St. Louis, and under the Constitution and laws of the State of Missouri, it is made the care of this honorable court that the said probate court of the city of St. Louis, as well as all other inferior courts, keep within the bounds and limits of their several jurisdictions, prescribed to them by the laws of the State.

"The said property and assets of the estate of E. J. Cuendet now vested in your petitioner under the law and now in the custody and control of your petitioner, and which said probate court and said defendant Aiple seek to divest out of your petitioner, are of the value of at least thirty thousand dollars and a portion of said property and assets now vested in, and in possession of your petitioner, is personal property, of the pecuniary value of at least fifteen thousand dollars.

"Wherefore, your petitioners, imploring the aid of this honorable court, prays to be relieved, and that they may have the State's writ of prohibition directed to said Hon. W. W. Henderson, judge of the said probate court of the city of St. Louis, State of Missouri, and to said Albert J. Aiple, to prohibit said Henderson, during the pendency of petitioner's said appeals in said circuit court, and in any other court of competent jurisdiction in which said appeals may be pending, from proceeding further to carry out or enforce the said order and decree revoking said letters of administration on the estate of E. J. Cuendet, and pohibiting him from, by order or decree, in any manner recognizing Albert J. Aiple, as administrator *de bonis non* with the will annexed of the estate of E. J. Cuendet, and prohibiting him from interfering with or disturbing said Eugene R. Cuendet as administrator with the will annexed of the estate of E. J. Cuendet, in the administration, custody and control and management of the property and assets of the estate of E. J. Cuendet, except to require him

to preserve and account for the same in due course of adminis-
tration; and prohibiting him from making, entering or en-
forcing against petitioner any order or decree divesting or
pretending to divest out of said Eugene R. Cuendet title in,
and possession of, the personal property and assets of the estate
of E. J. Cuendet, and directing, requiring and compelling
said Eugene J. Cuendet to turn over and deliver to said Albert
J. Aiple, any and all of the assets and property of the estate
of E. J. Cuendet now vested in said Cuendet administrator,
or now in his possession, control and management; and pro-
hibiting him from making, entering or enforcing against said
Eugene R. Cuendet any order or decree, directing, requiring
and compelling him at this time to make final settlement with
said Aiple in said court of his administration of the said estate
of E. J. Cuendet, and prohibiting him from making, entering
or enforcing against said Eugene R. Cuendet any order or
decree having for its purpose, the ousting him from his office
as administrator with the will annexed of the estate of E. J.
Cuendet and ousting him from the custody, control and man-
agement of the said property and assets of the said estate.

"And prohibiting said Albert J. Aiple from exercising,
during the pendency of the said appeals, any authority as, and
discharging any of the duties of, administrator *de bonis non*
with the will annexed of the estate of E. J. Cuendet, and pro-
hibiting said Aiple from demanding of petitioner a transfer
and delivery to him of the property and assets of said estate
of E. J. Cuendet, and prohibiting said Aiple from represent-
ing or assuming or pretending to represent as administrator,
said estate of E. J. Cuendet in any proceeding in said probate
court of the city of St. Louis or in any other court of justice."

Upon the foregoing application a provisional rule, di-
rected to W. W. Henderson as judge of the probate court of
the city of St. Louis, and Albert Aiple as administrator *de
bonis non* with the will annexed of the estate of E. J. Cuendet
by appointment of said court, was issued prohibiting them dur-

ing the pendency of the appeal of E. R. Cuendet, from the order of the probate court revoking his letters of administration of said estate, from proceeding further to carry out or enforcing the order of revocation.

The defendant moved to quash the temporary writ, assigning as ground therefor that the petition does not state facts sufficient to entitle plaintiff to the relief sought.

.The plaintiff's right of appeal from the order of the probate court revoking his letters of administration being conceded and no question being made that prohibition may properly go to prevent the execution of process that has been duly stayed according to law, the only question for determination is whether such appeal operates as a supersedeas so as to entitle plaintiff during the pendency thereof to retain the assets of the estate. For the proper solution of this question resort alone to the statute is necessary. By section 278 of the Revised Statutes of 1899, of the administration act, after conferring the right of appeal in fifteen different classes of cases, among which being an order revoking letters of administration, it is further provided in said act as follows:

"Section 281. Every such appellant shall file in the court the bond of himself, or some other person, in a sum and with security approved by the court, conditioned that he will prosecute the appeal, and pay all debts, damages and costs that may be adjudged against him. . . ."

Section 283 provides: "Upon the filing of an affidavit and bond and the approval of the latter the appeal shall be granted, but shall not operate as a supersedeas in any other matter relating to the administration of the estate, except that from which the appeal is specially taken. . . ."

By section 284 it is provided that "when such appeal is taken the clerk shall transmit to the clerk of the circuit court a certified transcript of the record and proceedings relating to the case, together with the original papers in his office relating thereto."

Section 285 provides that "upon the filing of such transcript and paper in the office of the clerk of the circuit court, that court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the probate court."

These statutes seem all-conclusive and self-explanatory. They clearly indicate that the Legislature contemplated by their enactment, that the right of appeal from an order of revocation of letters by the probate court should be conditioned on the giving of the appeal bond prescribed by section 281; and it is also equally as apparent that the Legislature intended a compliance with the requirements of the statute by the party aggrieved should operate to vacate the order or judgment appealed from and to transfer the whole matter of controversy to the circuit court. The Legislature having made the right of appeal in cases of this character conditioned on the giving of the bond provided by section 281, supra, not only made the giving of the bond essential to the right of appeal, but also, by section 283, provided that the execution and approval of the bond shall give to the appeal the character of a supersedeas. If an appeal taken does not operate to prevent one in whose favor a judgment is rendered, or an order made, from at once receiving the full benefit thereof, in what way can he be said to be injured by the appeal, and why should the appellant be required to give an appeal bond to indemnify the appellee against injury which can never happen?

From a careful reading of the foregoing statutes the conclusion seems to us inevitable that upon compliance with these requirements on part of the appellant in that matter (the petitioner herein) and the granting of an appeal by the probate court, the matter from which the appeal was taken is removed from such court to the circuit court, and the probate court is without further authority pending such appeal, to take any further action in regard thereto. The judgment of the pro-

bate court being vacated, becomes thenceforth inoperative, and if the probate court, notwithstanding the appeal, proceeds to enforce its decree, by ordering the property of the administrator appealing into the hands of the newly-appointed administrator, it is the plain duty of this court, when applied to, by its writ of prohibition to order suspended all further proceedings relating to the matter appealed from in the probate court, until the final determination of the appeal in the circuit court.

If section 283, supra, does not mean that upon the filing of an affidavit for an appeal, together with an appeal bond, and the approval of the latter by the probate court, from any adverse ruling by that court in any of the fifteen cases enumerated in section 278, of the statute, supra, the appeal is to act as a supersedeas in the matter appealed from, then we can find in the language of the section no meaning whatever.

The order appealed from involved plaintiff's removal from office as administrator of the estate of E. J. Cuendet, deceased, and, the immediate transfer of the property and effects thereof to his successor.   Unappealed from, the order of revocation by the probate court, worked a divestiture of plaintiff's legal title to the entire assets of the estate in his hands, and vested the same in the respondent, Aiple.   In a contest between these same parties, in their individual instead of official capacities, for the custody of this property, there would be no doubt of plaintiff's right of appeal from the judgment of any court involving his title thereto, and to make such an appeal effective, to have stayed the further execution of said judgment or order, pending such appeal, by the giving of a supersedeas bond, or an appeal bond that would act as a supersedeas.   In view of the statutory provisions above mentioned, authorizing appeals from the order and judgments of the probate court, we think that the approval of the appeal bond by the court in this case, offered by the plaintiff, operated as a stay of all proceedings to enforce the order of revocation until the final hearing of the

case on appeal, and that as an incident thereto it likewise entitled plaintiff to retain the property belonging to the estate, until that time.

As we have seen, the statute allowing the right of appeal in the class of cases specified, not only makes the giving of an appeal bond essential to the right of appeal, but also provides that such appeal shall supersede the judgment or order from which it is taken.

This court in the case of State ex rel. v. Hirzel, 137 Mo. 435, held that the right to an appeal carried along with it the right to make the appeal effective, even where the statute authorizing the appeal does not require an appeal bond, and where nothing is said about an appeal operating as a supersedeas.

The question in that case arose out of the overruling of a motion to vacate an order made by the judge of the circuit court of St. Louis county appointing a receiver to take charge of a certain railroad and its property, pending the determination of a suit in that court against it. From the order overruling the motion to vacate the appointment of the receiver, an appeal was prosecuted to this court, under the authority of the provisions of an Act of 1895, now section 806, Revised Statutes 1899. After the filing of the affidavit for appeal, the amount of the appeal bond was fixed by the court at one thousand dollars, which being provided by defendants was duly approved by the court and filed with the papers in the case. In the meantime the receiver had been put into the possession of the property by means of a writ of assistance, and refused to return same to defendants, notwithstanding the perfection of their appeal and the giving of the appeal bond.

In a proceeding by prohibition against the judge of the circuit court making the order in that case, and the receiver having in charge the property under the court's writ of assistance, it was held that after the appeal had been duly taken from the order overruling the motion to vacate the appointment

of the receiver, and the appeal bond having been duly approved and filed, all power to further execute or carry in force the order of appointment was stayed, and further that it operated to release all process that may have been taken out, prior to the filing of the appeal bond, having in view the carrying out or enforcement of the order of appointment. It is here also to be noted that the Act of 1895 (now sec. 806, R. S. 1899), authorizing appeals from interlocutory orders removing from office the executive officers of corporations and divesting them of the possession of the corporation's property and vesting same in the hands of a receiver, neither required nor directs that an appeal bond be given, and does not provide that the appeal allowed should act as a supersedeas, as in the administration statute in question, but the court's holding in that case was made upon the broad proposition that the right of an appeal conferred thereunder, carried with it the right to make effective the appeal.

As said above, under the administration statute, which we are called upon to consider at this time, it is expressly provided not only that an appeal may be taken from all orders of the probate court revoking letters testamentary or of administration, but that the appeal bond shall be given in every case in which appeals are allowable before an order allowing the appeal can be entered, and further that the appeal granted shall operate as a supersedeas in the matter relating to the administration of the estate from which the appeal is taken. The language of the statute authorizing a supersedeas could not well have been more definite; but had it been less specific, in fact, had the provision of section 283, supra, never been enacted by the Legislature, the reason for the existence of such a rule is so manifest, from the other requirements of the statute, that the courts in recognition of them, would find a supersedeas a necessary incident, and so declare its existence, as in the case of State ex rel. v. Hirzel, supra, and State ex rel. v. Klein, 137 Mo. 680.

The case of Mullanphy v. St. Louis.County Court, 6 Mo.
563, cited and relied upon by defendants, in which it is held
that an appeal from an order revoking letters of administration
does not operate as a supersedeas, and the case of Harney v.
Scott, 28 Mo. 333, in which without comment the Mullanphy
case is followed, are not proper interpretations of the statute
as it then read, and should not be followed as authority in the
case now before us.

While it is true, as respondent suggests, that the statute
of 1835, under which the above cases were determined, was
different from the statute under which the present case is to be
considered, in this, that at the time those cases were deter-
mined, there was no trial *de novo* on appeal from the probate
to the circuit court, as now, but then the circuit court simply
reviewed the error of the probate courts on exception taken,
the law as to an appeal acting as a supersedeas was substan-
tially then as it is now, and the reason for the ruling in those
cases is not to be accounted for upon the grounds of the differ-
ence in effect of an appeal bond in a case to be tried *de novo* in
the appellate court and where as in an appeal to this court, the
trial is upon exceptions taken to the action of the lower court.

By section 5 of article 8, Revised Statutes, 1835, it is
provided:

"After such affidavit and bond have been filed, the appeal
shall be granted, but shall not be a supersedeas in any other
matter relating to the administration of the estate, except that
from which the appeal is specially taken."

In disposing of the Mullanphy case the court made the
wording of the appeal bond taken, act as a limitation upon the
express language of the statute to the contrary, and in that we
think it erred.

To hold that the supersedeas as provided in section 283,
supra, extended only to those cases where the appellant has
been adjudged to pay a debt (as declared in the Mullanphy
case) would be not only the substitution of judicial dictum for

legislative enactment, but would result in confusion in the management of an estate most embarrassing. But whatever may have been the state of former judicial opinions on the subject, it is perfectly clear that the present statute, giving the right of appeal from an order of the probate court revoking letters of administration, acts as a supersedeas when the statutory bond has been given, and that where the probate court, notwithstanding such appeal, asserts the right to enforce its order pending its final determination, this court by the writ of prohibition may prevent its assertion.

It follows, therefore, that the motion to quash filed by respondent should be overruled, and the preliminary rule in prohibition made absolute, and it is so ordered.    All concur.