## STATE OF INDIANA, EX REL. McGUIRK *v.* DAVISSON, AS SPECIAL JUDGE.

[No. 24,949.   Filed July 8, 1925.]

1. QUO WARRANTO.—*Appeal may be taken from judgment in quo warranto proceedings.*—Although the provisions of the code regulating proceedings in the nature of *quo warranto* (§§1208-1223 Burns 1926, §§1188-1203 Burns 1914, §§1131-1146 R. S. 1881), contain nothing in regard to appeals, the right to appeal from proceedings of that character has been uniformly recognized.   p. 456.

2. QUO WARRANTO.—*Term appeal from judgment in quo warranto proceeding ousting an incumbent from public office stays further proceedings pending appeal.*—An appeal bond duly filed and approved in taking a term appeal from a judgment in *quo warranto* proceeding ousting incumbent from a public office operates as a *supersedeas* and stays further proceedings in the trial court pending the appeal, §§1215, 1216 Burns 1926, §§1194, 1195 Burns 1914, §§1137, 1138 R. S. 1881, not being applicable when a term appeal is taken or a *supersedeas* obtained.   p. 456.

3. PROHIBITION.—*Court from which appeal taken may be restrained from taking further action when the appeal operates*

*as stay of proceedings.*—Where an appeal has been taken which operates as a stay of proceedings in the trial court, such court may be restrained by writ of prohibition from proceeding further in the cause pending the appeal. p. 458.

4. JUDGES.—*Special judge has jurisdiction until final judgment but not of supplementary proceedings to enforce judgment.*— A special judge has power to hear and determine the cause "until the same is finally disposed of" (§426 Burns 1908, §415 R. S. 1881), but he has no jurisdiction of supplementary proceedings which may grow out of the failure or refusal of a party to perform a legal duty imposed by or arising out of the judgment which cannot be enforced by issuing execution thereon (explaining *Emerick* v. *Miller,* 159 Ind. 317, and disapproving *Brackney* v. *Boyd,* 71 Ind. App. 592, 599). p. 458.

· 5. QUO WARRANTO.—*Special judge hearing quo warranto proceeding held to have no jurisdiction in supplementary proceeding to enforce order by attachment and imprisonment.*— A special judge appointed in a *quo warranto* proceeding to oust an incumbent from public office has no jurisdiction of a supplementary proceeding to enforce the order of ouster by attachment and imprisonment, as a special judge's jurisdiction ends with final judgment (explaining *Emerick* v. *Miller,* 159 Ind. 317, and disapproving *Brackney* v. *Boyd,* 71 Ind. App. 592, 599). p. 458.

Original proceeding in Supreme Court.

Application to the Supreme Court for writ of prohibition on relation of William B. McGuirk against Everett O. Davisson as special judge. *Writ issued.*

*Charles E. Henderson,* for petitioner.
*J. T. Walker,* for respondent.

PER CURIAM.—Relator filed his petition for a writ of prohibition forbidding the respondent to proceed, as special judge of the Clay Circuit Court, in the matter of hearing evidence and taking action upon an information filed in the office of the clerk of said court, charging that this relator, by refusing to surrender the office of township trustee in obedience to a judgment of that court from which relator had taken an appeal, had rendered himself liable to attachment and imprisonment. The petition alleges, in substance, that relator was in

possession of the office of trustee of Harrison township, Vigo county, State of Indiana, when an action against him in the nature of *quo warranto* was commenced in the name of the State of Indiana on relation of William F. Gottschalk, to try the title to said office, the complaint in that action alleging that he was in wrongful possession thereof and that said Gottschalk was entitled to the office; that the venue of said action of *quo warranto* was changed to the Clay Circuit Court, and Everett O. Davisson, respondent in the case at bar, was appointed and qualified as special judge, and acted as such in the trial of said cause, and entered a final judgment therein to the effect that said Gottschalk was and since January 2, 1925, has been "the duly appointed and qualified township trustee" of said township, and entitled to the office and everything thereunto belonging, and that the defendant therein (relator in the case at bar) thereby was ousted from said office, its salary and emoluments, and was commanded to deliver to Gottschalk possession of the same, and that Gottschalk recover from said defendant therein (relator herein) $500 damages and his costs; that this relator, the defendant therein, filed a motion for a new trial, specifying in writing thirteen alleged statutory reasons why such new trial ought to be granted; that his motion was overruled, and relator, as such defendant, on that day prayed an appeal, which was granted on filing an appeal bond; that such a bond in the penal sum of $1,500 was thereupon filed, conditioned well and truly to prosecute the appeal to effect, and in case it be affirmed to deliver possession of said office to Gottschalk and pay all damages sustained by him, as well as to pay the judgment affirmed, with costs, and the bond and sureties were approved by the trial court; that, at the time said motion was overruled, sixty days in which to file a bill of exceptions containing the evidence was

granted, and, at the time the petition for a writ of prohibition was filed, the reporter who took down in shorthand the evidence in the original action of *quo warranto* was engaged in transcribing it in longhand, and that relator was diligently preparing to and intended to perfect a term appeal to the Supreme Court in said cause. That two weeks after the time when said motion for a new trial was overruled and said appeal bond was filed and approved, said Gottschalk, as relator, filed an information in the office of the clerk of the Clay Circuit Court, setting out the terms of said judgment and the fact that such appeal bond had been given, conditioned to prosecute the appeal to effect and to abide by and pay any judgment and costs which might be rendered or affirmed against the defendant therein (this relator) ; but averring that said judgment had never been reversed, vacated or set aside, and that it remained in full force and effect, and that said defendant (this relator) continued unlawfully and wrongfully to usurp said office of township trustee and refused to deliver the office or any of the property of the township to Gottschalk. Said petition of relator in the case at bar further alleges that thereupon, the respondent Davisson, assuming to act as special judge in the said cause by virtue of his appointment and qualification in the cause in which he had previously entered judgment, as stated above, entered an order which recited the filing of the information by Gottschalk and its principal averments, and commanded the defendant (relator herein) to appear before him in the Clay Circuit Court five days later, and show cause why he should not be attached and imprisoned for failing to comply with and obey said judgment ousting him from the office of township trustee; that no change from the judge of the Clay Circuit Court had been taken since the information was filed, and respondent has not been appointed as judge

*pro tempore* or as special judge, except only to try the action of *quo warranto* in which he had rendered final judgment some weeks before the pending information was filed; that immediately upon the filing of such information and without notice to this relator, who was made the defendant thereto, the respondent Davisson issued, over his signature as special judge, certified by the clerk under the seal of the Clay Circuit Court, what purported to be an order of said court that the defendant therein (this relator) should appear at a time named and "show cause, if any he may have, why he should not be attached and imprisoned for failure to comply with and obey the aforesaid order and judgment of said court ousting him from the office of trustee."

The respondent has demurred to the petition herein for lack of facts sufficient to constitute a cause of action, asserting: (1) That the judgment ousting relator from the office of township trustee was "self executing," and therefore took effect without the issue of process or writ of ouster, and without any proceedings which were or could be stayed by filing an appeal bond and obtaining a supersedeas; and (2) that the filing of the information was incident to and in aid of the enforcement of the judgment previously rendered, being a "necessary step to enforce and carry into effect the judgment of ouster," and therefore was within the authority of the special judge who presided at the rendition of that judgment.

It may be remarked, in passing, that these positions taken by counsel on the two subjects are inconsistent with each other. If the judgment of ouster was self-executing and fully took effect without writ or process for that purpose, it is not easy to perceive how the filing of an information and action thereon by the court could be a necessary step to put it in effect.

The question first presented for decision is whether or not an appeal bond duly filed and approved in taking a term appeal from a judgment in *quo warranto* operated as a *supersedeas*, and stayed further proceedings in the trial court pending the appeal. The special statute regulating proceedings in the nature of *quo warranto* (§§1208-1223 Burns 1926, §§1188-1203 Burns 1914, §§1131-1146 R. S. 1881) makes no special provision as to appeals, but many appeals in such cases taken under the provisions of the general statute have been entertained and decided by the Supreme Court. *Vogel* v. *State, ex rel.* (1886), 107 Ind. 374, 8 N. E. 164; *State, ex rel.,* v. *Johnson* (1885), 100 Ind. 489; *State, ex rel.,* v. *Wheatley* (1903), 160 Ind. 183, 66 N. E. 684; *Modlin* v. *State, ex rel.* (1911), 175 Ind. 511, 94 N. E. 826, Ann. Cas. 1913C 669; *Caldwell* v. *State, ex rel.* (1918), 187 Ind. 617, 119 N. E. 999.

The general statute governing appeals provides that "when an appeal is taken during the term at which judgment is rendered it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed," conditioned as required by law, and the other steps necessary to perfect an appeal being duly taken. §698 Burns 1926, §679 Burns 1914, §638 R. S. 1881. And the policy of the State of Indiana to allow a *supersedeas* in an appeal from a judgment ousting the incumbent from a public office at the suit of a rival claimant is clearly manifested by the statute granting an appeal in an election contest. That statute provides that "the appeal bond in such cases shall be in a penalty sufficient to secure any damage which may accrue by a stay of proceedings upon the judgment. And whenever by reason of such appeal a party may be excluded from the office to which he may be entitled, pending such appeal, the principal and sureties in said bond shall be liable thereon for

the amount of the emoluments of the office to the party deprived thereof." §7622 Burns 1926, §7020 Burns 1914, §4768 R. S. 1881.

And where the trial court, on rendering judgment against a councilman of a city in an action to contest his election to that office, refused to receive and approve an appeal bond or to issue a *supersedeas,* and denied his right thereto, but entertained an action of mandamus to compel the mayor and council to admit and recognize his adversary as a member of the council pending the appeal, the Supreme Court of Indiana issued a restraining order upon the filing of a sufficient bond, by which it enjoined such adversary "from entering upon the discharge of the duties, as a member of the common council *, * * or from exercising any of the rights, as such councilman, until the final determination of this appeal, or until the further order of said Supreme Court." And the order remained in force, as shown by the court records, until an opinion was handed down with a judgment deciding the case on the merits, without, however, mentioning such restraining order. *Weakley* v. *Wolf* (1897), 148 Ind. 208, 47 N. E. 466. We have examined the record in that case and find that the briefs of counsel in opposition to the restraining order cited the court (among other authorities) to the cases of *State, ex rel.,* v. *Mayor, etc.* (1889), 28 Nebr. 103, 44 N. W. 90; *State* v. *Meeker* (1886), 19 Nebr. 444, 27 N. W. 427; *Jayne* v. *Drorbaugh* (1883), 63 Iowa 711, 17 N. W. 433, and *Walls* v. *Palmer* (1878), 64 Ind. 493, which have also been cited (with other authorities) by counsel for the respondent in this case in opposition to the granting of a writ of prohibition herein. A number of decisions by courts of other states have also been cited to the effect that under statutory provisions in force in those states, a *supersedeas* on appeal from a judgment of *quo war-*

*ranto* ousting a person from a public office does not re- strain the trial court from compelling the defendant, by imprisonment, to surrender the office pending the ap- peal. But we think the rule is otherwise in this state under the statutes above referred to.

Respondent calls attention to the language of §§1215, 1216 Burns 1926, §§1194, 1195 Burns 1914, §§1137, 1138 R. S. 1881, which provide as follows: "If judgment be rendered in favor of the relator he shall proceed to exercise the functions of his of- fice, after he has been qualified as required by law; and the court shall order the defendant to deliver over all the books and papers in his custody or within his power, belonging to the office from which he shall have been ousted. If defendant shall refuse or neglect to deliver over the books and papers, pursuant to the order, the court or judge thereof shall enforce the order by attachment and imprisonment." But that language does not embrace a judgment the effect of which has been suspended by taking an appeal and obtaining a supersedeas, as being an "order," compliance with which may be enforced by attachment and imprison- ment. And where an appeal has been taken which op- erates as a stay of proceedings in the trial court, such court may be restrained by writ of prohibition from proceeding further in the cause pending the appeal. *New Orleans Silica Brick Co.* v. *John Thatcher & Son* (1922), 152 La. 650, 94 So. 148; *O'Donnell* v. *District Court* (1917), 40 Nev. 428, 165 Pac. 759; *Ruggles* v. *Superior Court* (1894), 103 Cal. 125, 37 Pac. 211; *Fite* v. *Black* (1890), 85 Ga. 413, 11 S. E. 782; *Cuendet* v. *Henderson* (1901), 166 Mo. 657, 66 S. W. 1079; *State, ex rel.,* v. *Superior Court* (1896), 13 Wash. 638, 43 Pac. 877; High, Extraordinary Remedies §789; 32 Cyc 609; 111 Am. St. 947, note.

But if we should adopt respondent's view that the

judgment of ouster executed itself, and treat the information filed in the Clay Circuit Court as being filed for the purpose of invoking its action to punish disobedience to the judgment, in the nature of a supplementary proceeding, then the special judge must be deemed to be without authority, because his jurisdiction as special judge in the original case terminated with the rendition of final judgment in that action. The statute provides that when a special judge is appointed, "he shall have power to hear and determine said cause until the same is finally disposed of." §415 R. S. 1881, §426 Burns 1908.

But he has no jurisdiction in supplementary actions which may grow out of the failure or refusal of a party to perform a legal duty imposed by or arising out of the judgment which cannot be enforced by issuing execution thereon. *Kissel* v. *Lewis* (1901), 27 Ind. App. 302, 304, 61 N. E. 209; *Jones* v. *Peters* (1902), 28 Ind. App. 383, 388, 62 N. E. 1019. Neither does the case of *Emerick* v. *Miller* (1902), 159 Ind. 317, 64 N. E. 28, hold the contrary. For while that was an appeal from the action of a special judge of the circuit court of Wabash county granting a writ of assistance to put the purchaser in possession of lands bought at foreclosure sale, an examination of the record discloses that the special judge did not act by virtue of having rendered the judgment of foreclosure; but the record shows that the petition asking for the writ of assistance was filed in the circuit court of Miami county, where the land was situated, and that the regular judge of that court made many rulings in the matter, after which, a change of venue was taken to Wabash county, where a motion for a change from the regular judge of that court was filed, and the special judge from whose decision an appeal was taken was then appointed. And the case of *Brackney* v. *Boyd* (1919), 71

Ind. App. 592, 599, 123 N. E. 695, also cited by respondent, seems to have been based upon a misunderstanding of the facts of *Emerick* v. *Miller, supra,* and declares a rule which we deem erroneous and must decline to follow.

Respondent's demurrer to the petition for a writ of prohibition is overruled, and the writ heretofore issued is continued in force pending the determination of the appeal.