BREITING v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 4746. Decided July 13, 1928. (272 P. 562.)
Rehearing Denied December 14, 1928.

94

*A. A. Platz,* of Salt Lake City, for plaintiff.

*E. R. Callister,* of Salt Lake City, for defendants.

STRAUP, J.

This is an original proceeding for a writ of prohibition. The petitioner, Bena Breiting, by the district court was regularly appointed executrix without bonds (the will so providing) in the estate of Carrie Bogert, deceased. The petitioner as such executrix duly qualified, took charge of the assets of the estate consisting of moneys and real estate and proceeded to administer it. Later, on application of some of the legatees, she was removed by the district court on the ground of incompetency and that she was not a suitable person to act as executrix and had neglected her duties. A trust company was appointed administrator with the will annexed in her place. The trust company qualified, and letters of administration with the will annexed were issued

to it. Thereupon the executrix prosecuted an appeal to this court from the judgment of removal without a supersedeas, the court ordering that she be allowed to prosecute an appeal and the judgment stayed without a supersedeas. Thereafter, and pending the appeal, the district court, ex parte and without notice to the executrix, and on application of some of the legatees, appointed the trust company a special administrator with the will annexed to take charge of and preserve the assets of the estate pending the appeal, and about the same time issued a citation to the executrix to turn the assets over to the trust company or show cause why she should not do so. Thereupon the executrix applied to this court for a writ of prohibition to restrain the court from enforcing the judgment of removal, the order requiring the executrix to turn the assets over to the trust company and the order appointing the trust company a special administrator. We granted an alternative writ. On the return thereof and on the petition and reply thereto and upon argument and briefs of counsel the matter was taken under advisement.

It is the contention of the executrix that, by reason of the provisions of section 7005, Comp. Laws Utah 1917, and of the order of the court relieving the executrix from giving a supersedeas, the appeal taken by her stayed all matters involved in the judgment of removal and from which she took the appeal, and that the appeal removed from the jurisdiction of the district to this court the subject-matter of the judgment appealed from, and hence the district court was without jurisdiction pending the appeal to enforce the judgment of removal or to appoint a special administrator or to require the executrix to turn the assets of the estate over to the trust company. In support thereof the executrix refers us to the followng cases: *Ruggles* v. *Superior Court, etc., et al.,* 103 Cal. 125, 37 P. 211; *Jackson* v. *Dolan et al.,* 58 Cal. App. 372, 208 P. 315; *Wolcott* v. *Hudner, Judge,* 67 Cal. App. 704, 228 P. 46; *Kaufman* v. *Superior Court of San Francisco,* 108 Cal. 446, 41

P. 476; *Dooley* v. *Foreman*, 94 Okl. 163, 221 P. 47; *State ex rel. McGuirk* v. *Davisson*, 196 Ind. 451, 148 N. E. 401; *O'Donnell* v. *District Ct.*, 40 Nev. 428, 165 P. 759; *New Orleans Silica Brick Co.* v. *John Thatcher & Son*, 152 La. 650, 94 So. 148; *Fite* v. *Black*, 85 Ga. 413, 11 S. E. 782; *Cuendet* v. *Henderson*, 166 Mo. 657, 66 S. W. 1079; *State* v. *Superior Ct.*, 13 Wash. 638, 43 P. 877. She also cites us to well-recognized authority (32 Cyc. 608 and 3 C. J. 1328) to the effect that, pending an appeal which operates as a stay of proceedings, prohibition will issue to restrain the trial court from proceeding further as to all matters involved in the judgment appealed from. The rule stated in the cited cases and authorities as applied to the particular matters there in hand may well be conceded. But, as we think, we have here a somewhat different situation, and one to which the rule contended for does not apply. Section 7005 merely provides that the court may in its discretion dispense with or limit the security required to be given to effect a stay "when the appellant is an executor, administrator, trustee, or other person acting in another's right." Since the executrix was acting without bonds, it is doubtful whether the district court, finding that she was incompetent and not a suitable person to act as such and that she had neglected her duties and was wasting the estate and on such ground removed her, ought not have granted a stay of the judgment of removal without a proper supersedeas or without at the same time appointing a special administrator or some suitable person to take charge of and preserve the assets of the estate pending an appeal. When the court granted the stay without a supersedeas, it certainly was within the power and jurisdiction of the court at the same time to have appointed a special administrator or other suitable person to take charge of and preserve the assets of the estate, or to have made the stay conditional upon such appointment or upon the giving of a proper supersedeas. The judgment of removal was entered May 4, 1928. Notice of appeal was served May 7. The order staying proceedings without a su-

persedeas was entered May 10. On May 15 the special administrator was appointed to take charge of and preserve the assets of the estate pending the appeal. If the court had power to appoint a special administrator pending the appeal when the stay was granted, we think it also had power to protect and preserve the estate and make such an appointment five days thereafter or whenever such necessity arose. We think such power is expressly authorized by sections 7606 and 7607, Comp. Laws Utah 1917, providing for the appointment without notice of a special administrator to take charge of the estate, when, among other causes, the executor or administrator is suspended or removed. During the pendency of the appeal, the authority of the executrix was suspended, and she had no power or authority to control or manage the affairs of the estate until reinstated by this court on the appeal; and thus it was not only within the power but it was the duty of the court to appoint a special administrator to take charge of the estate and preserve it pending the appeal. Appointing the special administrator for such purpose, and, pending the appeal, requiring the removed executrix to turn the assets of the estate over to such administrator, was not enforcing the judgment of removal but merely holding the estate in statu quo and preserving it until the appeal was disposed of. And to that effect are the authorities. 11 R. C. L. 454; 23 C. J. 1123; 1 Church New Probate Law and Practice, 499; *In re Heaton's Estate,* 142 Cal. 116, 75 P. 662; *In re Moore's Estate,* 86 Cal. 72, 24 P. 846; *Estate of Crozier,* 65 Cal. 332, 4 P. 109; *Erlanger* v. *Danielson,* 88 Cal. 480, 26 P. 505.

We are therefore of the opinion that the alternative writ heretofore issued should be recalled, the peremptory writ denied, and the proceedings dismissed. Such is the order.

THURMAN, C. J., and CHERRY, HANSEN, and GIDEON, JJ., concur.