————o————

SCHMEIDING, *et al.*, Defendants in Error, *vs.* A. W. EWING, Assignee, etc., Plaintiff in Error.

1. *Mechanic's lien—Account—Items of—Time of filing.*—If the several items of an account form parts of one contract, and the last accrues within the statutory limit before the time of filing the lien, it will attach as to all.

2. *Mechanic's lien—No personal judgment against the owner of the building.*—In a suit to enforce a mechanic's lien, no personal judgment can be obtained against the owner of the building, who was not a party to the contract for the work or materials.

3. *Practice, civil—Supreme Court—Case reversed on question of fact, when.*—The Supreme Court will reverse on a question of fact, where such fact is material to plaintiff's right to recover, and is wholly without proof.

*Error to Cole Circuit Court.*

*E. L. Edwards & Son,* for Plaintiff in Error.

*Ewing & Smith*, for Defendants in Error.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the Cole Circuit Court, to enforce a mechanic's lien or material man's lien, against a house and premises in the petition described.

The petition charged that the defendant, Moeller, had contracted with Schmidt, to furnish the necessary materials and do the carpenter work to be done in the erection of a house in Jefferson City, which was described in the petition; that plaintiffs at divers times, from the 13th day of February, to the 5th day of June, 1869, had sold to said defendant, Moeller, as such contractor, materials to be used by him in doing the necessary carpenter's work in the erection of said building, and in which said materials were so used; and accounts of the materials sold, are attached to the petition, with the credits thereon.

The petition then charges that after plaintiffs had given defendant, Schmidt, the required notice, they, on the 4th day of October, 1869, filed their account with the clerk of the Circuit Court for Cole county, as the law directs, for the purpose of making and enforcing a lien against the said house, so erected by said Schmidt. Judgment is prayed for the sum charged to be due, and to subject the house and lot described in the petition, to the payment of the judgment, etc.

After the commencement of the suit, defendant Moeller became a bankrupt, and his assignee was made a party to the action.

Defendant, Schmidt, filed a separate answer, in which he admits the contract of Moeller to do the carpenter's work on his house, but denies all other material allegations of the petition.

The assignee of Moeller only answered that he had no knowledge or information on the subject, and asks that the plaintiff may be required to prove the facts stated in the petition.

At the May term of the Cole Circuit Court, the case was called for trial, a jury was waived by the parties, and the case submitted to the court for hearing.

After the evidence had been heard on the part of the plaintiffs, the defendants asked the court to declare the law to be, that upon the pleading and evidence in the case, the plaintiff had no right to recover, and that the court should find for the defendants.

This declaration of law was refused by the court, and the defendants offered no evidence. The court found the issue for the plaintiffs and rendered a judgment against both defendants, and ordered the sale of the property named in the petition to satisfy the same. To this action of the court, the defendants at the time excepted. Afterwards, in due time, the defendants filed their several motions for a new trial and in arrest of judgment. These motions having been severally overruled, the defendants again took their several exceptions, and have brought the case to this court by writ of error.

The only ground for a reversal of the judgment of the Circuit Court, relied on by the defendants in this court, is that there is a total absence of any evidence in the case, as to some of the material facts necessary to a recovery on the part of plaintiff, at least as to defendant Schmidt.

There is no question made as to the giving notice to Schmidt, by the plaintiffs, of their demands against Moeller, or as to their having filed their accounts as a lien, on the 4th day of October, 1869, or its sufficiency in form. But it is insisted that there is no evidence that tends to prove that any goods were sold to Moeller within four months previous to the filing of the lien by plaintiffs, and that, therefore, no judgment could be rendered against Schmidt, or his property attempted to be charged with the lien.

The Statute provides " that it shall be the duty of every original contractor within six months, and every journeyman and day laborer within thirty days; and of every other person seeking to obtain the benefits of the provisions of this chapter, within four months after the indebtedness shall have accrued, to file with the Clerk of the Circuit Court of the proper county a just and true account of the demand due him or them, after all just credits have been given, which is to be a lien, etc." (Wagn. Stat., 909, § 5.)

Under this statute plaintiffs in order to have created a lien on the house for which the materials were furnished, must have filed the account required by the statute, with the clerk of the Circuit Court of Cole county, within four months after the accruing of the last item sold to Moeller, the contractor. (Livermore vs. Wright, 33 Mo., 31.)

The account, as filed by the plaintiff in this case, consisted of various items, which, from their dates as they appear on the account, were furnished or sold to Moeller at five different times, to-wit: on the 13th day of February, on the 23rd day of March, on the 2nd day of April, on the 1st day of May; and then a number of items, amounting to $74.55 in the aggregate, on the 5th day of June, all in the year 1869. Each of these sales are denied by the answer.

Now it is obvious, that if this last sale charged to have been made on the 5th day of June, 1869, was not then made, the plaintiff's lien was not filed in time, and their action, as to the lien, must fail. The accounts having been filed, as a lien, on the 4th day of October, 1869, were just in time, and perhaps the last day in which they could be filed, if it was true that the goods had been sold on the 5th day of June.

The only evidence offered by the plaintiff, to prove, or which tended to prove their account, or the sale of the goods sued for, was the deposition of one Samuel Heatimer. This witness testified that plaintiffs were engaged in the sale of hardware, in the city of St. Louis, in the year 1869; that he was a salesman in their store; that he was familiar with the price of hardware. The witness was shown the accounts sued on, when he stated, that during the time the account accrued, the plaintiffs were doing business in St. Louis. He further testified, that he knew defendant, Moeller; had known him for three years; that he knew defendant Schmidt since the time that defendant Moeller came into plaintiff's store with defendant Schmidt to buy some goods, when he introduced Schmidt to witness, and stated in Schmidt's presence, that they were to buy some goods for Schmidt's hotel, at Jefferson City. Schmidt looked at some

goods, but they purchased none. Then they went away, and returned either on the same or the next day. Mr. White was then in the store, and sold goods to them. Witness did not notice what kind of goods were sold to them, but is certain that White sold them some goods. This was in the early part of 1869; it may have been February, and it may have been April. Witness further testified that he afterwards saw defendant, Schmidt, in the store of plaintiffs, on the 23rd of July, 1869, and saw him pay $250 on this bill; that the prices charged in the account were reasonable; that the bolts and locks charged in the bill were only used in large buildings.

This was all of the evidence given in the case, which tended to prove either the account or the time of its creation.

It will be seen from the evidence, that only one sale of goods is attempted to be proved by this witness, which he says, was made either in February or April, of the year 1869. Of the goods charged in the accounts filed, items amounting in the aggregate to $80.35, purport to have been sold on the 13th of February, 1869, and items amounting in the aggregate to the sum of $299.55, purport to have been sold to Moeller, on the 28th of April, 1869. The evidence of the witness examined must refer to one or the other of these sales, as he says that the sale of which he speaks, and the only sale that he knows about, was either in February or April.

How the court could have found for the plaintiff, on this evidence on the items of the account charged to have been sold on the 5th of June, and thereby find that the lien was filed in four months from the making of the last item of the account, I feel at loss to know. The mere fact that defendant, Schmidt, called at plaintiffs' store in July, and paid two hundred and fifty dollars on Moeller's account, certainly was no evidence to prove that any of the items accrued on the 5th of June, when a much larger amount was charged to Moeller in February and April. But the mere fact that Schmidt paid the money on another man's account, had no tendency to prove anything, except that the amount paid was due, unless it was further shown that the whole account was shown to

him, and that he, after seeing the items, made a general payment on it, without any objection.

We think that the declaration of law asked for by the defendants, ought to have been given, at least as to defendant, Schmidt, and that the defendants' motion for a new trial should have been sustained.

There is another objection to the judgment rendered in this case, which has not been urged by the defendants in this court. The judgment against the defendant, Schmidt, is a personal judgment, and directs that all of his other property shall be exhausted, before the house and lot, against which the lien is attempted to be enforced, can be sold for the payment of the judgment. This is certainly erroneous. There is no pretense that the goods were sold to Schmidt. The action is brought against him simply to enforce a mechanic's or material man's lien against the property of Schmidt, in the erection of which the material sold is charged to have been used. In such case, no personal judgment could be rendered against Schmidt.

We dislike to reverse judgment on the ground that the trial court has found improperly on the facts, and would not do so if there were any evidence tending to prove all the material facts in the case; but where some of the facts material to the plaintiff's right to recover, are wholly without evidence to prove them, we cannot uphold a judgment rendered without evidence.

The judgment must be reversed, and the cause remanded; the other judges concur.