FRANK E. BRENNEMAN, Appellant, v. NETTIE HILDEBRANDT, Respondent.

Kansas City Court of Appeals, May 17, 1909.

1. **DIVORCE: Custody of Children: Subsequent Motion: Trial Practice.** After a decree of divorce the court has power to enter subsequent proceedings in regard to the custody of the children, but this must be done on notice and a hearing; and the record in this case shows both.

2. ———: ———: ———: **Continuance: Further Motion.** Plaintiff obtained a decree of divorce by publication with an order for the custody of the children. The wife later filed a motion for the custody of the children. The motion was taken under advisement. At the next term the case was "continued to pass from the docket to be reinstated for further proceedings," etc. Subsequently the wife filed a motion for a change of the custody of the children. This was served on the plaintiff and heard on evidence. *Held:*

   (1) The best interests of the children is the primary object to be attained in such motion, and the evidence abundantly sustained the order of the trial court in changing the custody from the father to the mother.

Brenneman  v.  Hildebrandt.

(2)  The original decree is not considered since the situations of the parties were materially changed.

(3)  The action on first motion was practically a continuance for the court to be further advised as it might be deemed necessary; and it was proper on the latter motion to consider the whole evidence.

Appeal from Linn County Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Lewis A. Chapman* for appellant.

(1)  The decree in the divorce suit was not appealed from and is final and conclusive between the parties as to all matters adjudicated by it, one of which was that the appellant was the injured and innocent party and entitled to the custody of the two children he had in his charge and under his control.   By virtue of the statute, section 2932, Revised Statutes 1899, the decree in respect of the custody of the children may be changed at a subsequent term.   Such change, however, is not within the mere discretion of the court, but can only be made on proof of new facts; without the new facts, the court is powerless to make a charge.   West v. West, 94 Mo. App. 686; Deidesheimer v. Deidesheimer,  74 Mo. App. 234; Bishop on Marriage, Divorce and Separation, sections 877, 1188, 1198; Semrow v. Semrow, 23 Minn. 214; Peterson v. Thomas, 28 Ohio St. 596; Olney v. Watts, 43 Ohio St. 499; Widle v. Widle, 36 Iowa 319; Du Bois v. Johnson, 96 Ind. 6; Chandler v. Chandler, 24 Mich. 176.   (2)  The motions or applications in this case, are in the nature of petitions for a review of the judgment in the divorce, so far as the custody of the children are concerned, and were insufficient for the reason that they should be sworn to and were not.   R. S. 1899, secs. 780, 2932; Myers v. Myers, 91 Mo. App. 157.   (3)  The father is the natural guardian of his children, not only in the feudal sense, applicable to a father of an heir apparent,

whose guardianship terminated when the heir attained the age of fourteen, but in the natural and popular sense, which ascribes to him the duty and right to guard, maintain and educate his child during infancy. The relationship of parent and child is a strong and powerful tie; the proper regard for and sanctity of which is necessary for the cohesion of States as well as for families. In recognition of this law of nature, the common law of England and numerous English and American statutes designate the father as the guardian of his children, bound on the one hand to maintain, protect and educate them, and entitled, on the other hand, to their custody and control during their infancy. The American Law of Guardianship (Woerner), section 7, p. 18; Campbell v. Campbell, 76 Mo. App. 400; Messenger v. Messenger, 56 Mo. 329. (4) The father of infant children, when there is no sufficient cause for depriving him of the right, has the legal right to the custody and control of such children. It is not enough to consider the interest of the children alone; and, as between father and mother or other near relative of the children, where sympathies of the tenderest nature may be relied on, the father is generally to be preferred. Hernandez v. Thomas, 2 L. R. A. (New Series), 203, 39 So. 641; Verser v. Ford, 37 Ark. 27. (5) The judgment or order in this case is not a proper exercise of whatever discretion the court may have in such cases. It does not find that the father is morally or otherwise unfit to have the care and custody of the children; on the contrary the court finds that he is, by providing in the order or judgment, that the respondent shall have them for one year, then the appellant for one year, and the court has no right to send the children out of the jurisdiction of the court; by so doing the court has deprived itself of the power to make future orders for the care, custody and control of the children. This decree or order places these children in charge of a stepfather and their mother, who are under no legal obligation to care for or support them.

Jennings v. Jennings, 85 Mo. App. 290; Edwards v. Edwards, 84 Mo. App. 554. (6) We claim that the decree of divorce granted in favor of the plaintiff, and also finding that he was the innocent and injured party, rendered on December 13, 1904, in which the court granted the care and custody of the children to the plaintiff is *res adjudicata* as to all facts to that time, and is prima-facie evidence, that the plaintiff is still entitled to the custody of said children. 2 Spelling on Extraordinary Relief, sec. 1198; Church on Habeas Corpus (2 Ed.), sec. 387; 9 Ency. of Pleading and Practice, 1071; 15 Am. and Eng. Ency. of Law (2 Ed.), 213; Freeman on Judgments (3 Ed.), 324; Mercein v. People, 25 Wend. (N. Y.) 64; State v. Bechdel, 37 Minn. 360; In re Hamilton, 66 Kan. 754.

*A. W. Mullins* for respondent.

(1) Under the provisions of the statute of this State relating to divorce, alimony and custody of children (R. S. 1899, sec. 2926, 2932), a court in which a decree of divorce is granted retains jurisdiction of the cause after the divorce with respect to "the care, custody and maintenance of the children, or any of them." And the proceeding for the custody of the children subsequent to the divorce, and to modify and change the order in that regard as made in the decree of divorce is simply a continuation of the divorce case, and properly presented by motion in that cause. In re Gladys Morgan, 117 Mo. 249; Cole v. Cole, 89 Mo. App. 228; In re Kohl, 82 Mo. App. 442. (2) It being competent for the court in which the divorce was granted to entertain and hear a motion to review the order in the decree of divorce, as to the care and custody of the children, at any subsequent term of the court while they are of tender age, the settled rule of law is that the interest of the children is the paramount consideration for the court. In re Kohl, 82 Mo. App. 442; In re Delano, 37 Mo. App. 185; Shannon v. Shannon, 97 Mo. App. 119; Million v.

Million, 106 Mo. App. 680; Lusk v. Lusk, 28 Mo. 91; Messenger v. Messenger, 56 Mo. 329. (3) The court in its order and judgment made ample provision for the enforcement of any order with respect to the care and custody of the children the court hereafter might deem proper to make.

ELLISON, J.—This proceeding involves the custody of the children of the parties to the controversy. They were awarded to the defendant, their mother, and plaintiff appealed.

It appears that the parties were married in 1897. That the defendant had at that time $3,000 in money, with which plaintiff purchased land in Linn county but took the deed in his own name. After the birth of three girl children defendant began a suit for divorce on account of plaintiff's alleged infidelity. She also brought an action to recover her money. Before either came to trial matters were partially arranged between them so that plaintiff secured to defendant her money and she dismissed the suit for divorce though they did not again live together. It seems that the two older children were with plaintiff while the youngest was with defendant. In September, 1904, plaintiff in turn began suit for divorce on the ground of abandonment by defendant, she having gone to live with her brother in Illinois. He obtained a decree on December 13, 1904, on an order of publication, and was awarded the care and custody of the two minor children with him, Nora and Merle. Plaintiff was then, within two weeks after his divorce, married to a young woman living at his house, who was pregnant when he brought the divorce suit and gave birth to a child within five months after the marriage.

Afterwards, in April, 1906, defendant filed her motion in the cause to modify the decree so as to give to her the care and custody of Nora and Merle. The motion was heard by the court in May and taken under advisement. At the December term the court ordered

the case "to be continued to pass from the docket, to be reinstated for further proceedings should the circumstances of the parties change and the interest of the parties require it."

Afterwards the defendant was married to a reputable man, of comfortable means, in Illinois. She still wanted her children and her husband joined her in her effort to get them. She filed what is called a supplemental motion for their custody. Plaintiff was notified and a further hearing had. It was shown that plaintiff had moved to Texas; that his second wife had died; that he had returned to Missouri and was living with his father. It was further shown that defendant was happily situated for the care and custody of the children; that she was a good woman, with every facility for rearing and educating the girls. The trial court found it would be for their best interest to be placed with their mother and ordered that she take them into her care and custody for one year upon condition that she give proper bond in the sum of $1,000, conditioned that she would return them within the jurisdiction of the court at any time when the court should direct. Further provision was made for plaintiff visiting the children, etc. Plaintiff appealed from the order.

As to the jurisdiction of the court to afterwards entertain a motion for a change of custody of children from that provided in the decree of divorce, there can be no doubt, since the statute so declares. But it must be done on notice and a hearing. We recently considered such character of case (State ex rel. v. Ramey, 134 Mo. App. 722, 115 S. W. 458), in which some of the authorities contained in briefs of counsel in this case are cited. As notice was given in this case and a hearing had, it only remains to ascertain if the trial court was right in changing the custody of Nora and Merle from plaintiff to defendant. We have examined the record and find the court abundantly justified. The evidence

and the record disclose that Judge Butler proceeded with the utmost care and consideration.

In cases of this nature the best interest of the children is the primary object to attain. All else being equal, the father's rights are superior, but the conditions surrounding the father here are by no means equal to those of the mother. He is not so situated as to afford the children a home and they are with his parents; and other considerations disclosed in the record make it particularly preferable to give them to the custody of the mother.

We need not go into the question raised by plaintiff to the effect that so long as the condition and situation of the parties remain the same as they were when the decree of divorce was rendered, no change can be made in the disposition of the children which was made in the decree. For the record shows a situation altogether different at the time of hearing the motion for the change of custody. The fact that each of the parties have married since then, was one very important change.

We do not regard the manner or time of filing or bringing forward the present motion as irregular. No ruling was made on the first motion and if there had been it would not have operated against the right to another. Nor do we see that any error was committed in the admission of evidence.

The original motion was continued. The practical effect was a continuance that the court might be further advised and in this character of case it was in the discretion of the court, especially since the parties acquiesced, to order the continuance. When subsequently taken up and further evidence heard, it was not improper to consider the whole evidence in making the order. The entire argument for plaintiff is too much along a line which might be proper to follow in an ordinary trial at law between litigants contending over rights of property. But cases like this are of extraor-

dinary character and have been specially provided for by the statute. It was the duty of the court, within reasonable bounds, to take every necessary step towards ascertaining the situation, condition and surroundings of the parties, to the end that the welfare of the children might be protected.

Authorities on the subject of the right to the motion and of the respective rights of parents will be found in the briefs of counsel. The general rules of law on the subject are practically undisputed, and we have concluded that the judgment should be affirmed. All concur.