STATE of Missouri ex rel. Chester C. McKENZIE, Relator,

v.

Honorable Raymond E. LA DRIERE, Judge, St. Louis County Circuit Court, Respondent.

No. 29464.

St. Louis Court of Appeals. Missouri.

Sept. 18, 1956.

Lawrence J. McKim, St. Louis, for relator.

Claude W. McElwee, Frank P. Motherway, St. Louis, Philip A. Foley, Clayton, for respondent.

SAM C. BLAIR, Special Judge.

This is an original prohibition proceeding to prevent respondent, Judge of the Circuit Court of St. Louis County, from entering an order awarding permanent custody of the children of the parties to a divorce suit. Service of our writ was waived and respondent made his return in

due course. The cause is for decision on an agreed statement. Relevant facts will be related from the statement mainly without quotation.

Chester C. McKenzie, the relator, filed a suit for divorce against Constance M. McKenzie in respondent's court and she filed an answer and countered with a cross bill for separate maintenance. On these pleadings there was a trial on November 8 and 9, 1954, and the cause was then taken under advisement. On November 29, 1954, respondent entered a decree for McKenzie and against Mrs. McKenzie on the petition for divorce and on the cross bill for separate maintenance. Custody of their two children was awarded to McKenzie. Mrs. McKenzie was awarded rights of reasonable visitation and temporary custody once each week during fixed periods. She filed a motion for a new trial which was presented to respondent on December 13, 1954. During argument on this motion, respondent for the first time became aware that in ruling the cause he mistakenly had thought that Mrs. McKenzie had abstained from alcohol only for a period of three months prior to the trial, whereas she actually had abstained for a much longer period. The motion was granted and the decree was set aside and the cause reset for further hearing on the issue of custody. This order was not appealed by McKenzie.

On January 3, 1955, both parties voluntarily appeared and a hearing was had in which both participated. Respondent then entered another order again awarding McKenzie a divorce and denying Mrs. McKenzie separate maintenance. The custody of the children was awarded to McKenzie and Mrs. McKenzie was awarded temporary custody for fixed periods during three week-ends in each month. The agreed statement does not reflect that either party raised any objection to the scope or extent of the hearing. Respondent's order ended, "these custody provisions to remain in force until May 1st, 1955, at which time and date at or on 1:30 p. m. hearing will be had to determine from all the evidence

now (or) hereafter offered, appropriate orders touching custody in the future thereafter."

Simultaneously the respondent filed a memorandum stating he had been in error about the period Mrs. McKenzie had abstained from alcohol, and that he believed an alcoholic, claiming abstinence, generally ought to undergo a trial and test period of one year before confidence can be placed in any claim of reformation. He announced that "further concessions" relating to custody of the children would be made to Mrs. McKenzie if her abstinence continued until the next hearing on May 1, 1955, and finished by saying, "On the other hand, if she abuses the confidence reposed in her and reverts to the bottle (*for that is the whole problem in this case*) then she will have seriously jeopardized if not forfeited her chance, and thereafter any divided custody might be harmful and even dangerous to the children."

The hearing set for May 1 actually was not held until May 2, 1955. Then both parties voluntarily appeared and "further evidence" was presented touching the custody of the children. Although the temporary custody order of January 3, 1955, had expired by its express terms, no order for temporary or permanent custody was made. Instead, the cause was taken under advisement. Later, on June 20, 1955, respondent, "after further hearing," entered an order awarding temporary custody of the children to Mrs. McKenzie, effective August 1, 1955. McKenzie was awarded temporary custody for fixed periods during three week-ends of each month. Mrs. McKenzie was awarded $100 additional attorney's fees and $25 per week throughout the year for the maintenance of each child. The order was expressly made temporary by reciting "these custody provisions to remain in force until Thursday, September 8, 1955, at which time and date, at 1:30 p. m., a conference will be had between the court and attorneys for the parties to determine appropriate orders touching custody thereafter." No further

hearing was set for this last date. On the contrary, the respondent must have been satisfied with the adequacy of the evidence already presented and the inquiries already made, and desired only further information regarding Mrs. McKenzie's sobriety or her possible reversion to alcohol since the June order.

On June 25, 1955, McKenzie filed a motion for a new trial which was overruled and then he took an appeal to this court.

The date of the conference set for September 8, 1955, was changed to September 22 by consent of the parties. On this last date the attorneys for the parties voluntarily appeared and a conference was held as ordered. Counsel agreed that "There has been no change in the situation existing between the parties since" respondent's last order of June 20, 1955, except that McKenzie had remarried and was living with his new wife and her daughter. Respondent satisfied himself "that so far as the attorneys are informed, the defendant has continued to maintain sobriety, which was the point upon which the court was particularly insistent throughout this trial." He stated that the order of June 20, 1955, the last order, had expired on September 8, 1955, by its express terms, which was true, and "there now exists no order covering custody of the children in this case." Thereupon, he announced he would immediately enter an order awarding the permanent custody of the two children to Mrs. McKenzie and awarding McKenzie reasonable visitorial rights and the right to take the children into his custody for fixed periods during three week-ends of each month.

Counsel for McKenzie requested time to file prohibition proceedings in this court and respondent allowed him seven days to do so. This proceeding was filed in this court within the time allowed.

Our principal problem is to determine whether respondent was about to exceed his jurisdiction when he announced on September 22, 1955, following the conference, that he intended immediately to enter an order awarding permanent custody of the children to Mrs. McKenzie.

■ In the outset, it is proper to observe that we are not confronted by any effort of a circuit court wrongly to avoid entry of an order for permanent custody by the device of entering one temporary order after another and continuing the question of permanent custody indefinitely. There is no charge of this in this case and the possibility that some other court might undertake that procedure in the future cannot be allowed to color our ruling in this proceeding. Respondent was confronted by a problem rather common in divorce suits and he laudably took uncommon pains to inform himself fully before entering any order for permanent custody. In doing this he was entirely within his judicial rights, and the exercise of his discretion, we think, was altogether wise. For obviously the entry of the temporary orders he made rendered it possible for him from time to time to receive additional evidence and to make further inquiries touching Mrs. McKenzie's sobriety and her fitness for custody of the children. "The practical effect was a continuance that the court might be further advised, and in this character of case it was in the discretion of the court, especially since the parties acquiesced [as here], to order the continuance [to hear further evidence]. When subsequently taken up and further evidence heard, it was not improper to consider the whole evidence in making the order [of custody]. The entire argument for plaintiff is too much along a line which might be proper to follow in an ordinary trial at law between litigants contending over rights of property. But cases like this are of extraordinary character, and have been specially provided for by the statute. It was the duty of the court, within reasonable bounds, to take every necessary step towards ascertaining the situation, condition, and surroundings of the parties, to the end that the welfare of the children might be protected." Bren-

neman v. Hildebrandt,.137 Mo.App..82,·88, 119· S.W. 452, 453.

■ McKenzie's first point in this proceeding ·is that "Prohibition will issue. to restrain: a ·trial Court from ·proceeding in a matter on appeal and the judgment and· order of the trial ·Court of June 20,· 1955, was a proper subject for appeal." Cited in· support are Cuendet v. Henderson, 166 Mo. 657, 66 S.W. 10.7.9, Willis v. Willis, Mo.App., 274 S.W.2d ·621, and Green v. Green, Mo.App., 240 S.W.2d 741. ·In the · Cuendet case an appeal had been taken from a judgment of a probate court revoking letters of administration. Notwithstanding a supersedeas and the pendency of the appeal, the probate court was endeavoring to compel the appellant, the administrator whose letters it revoked, to deliver the assets of the estate to a successor-administrator it had appointed following the order of · revocation. Prohibition was granted to prevent further action un-. til the appeal could settle whether the appellant had the right to serve as administrator and to retain the assets ·of the estate. The theory ·of the appellate court was that the probate court had no jurisdiction to take any action that would frustrate the appeal or interfere with its object.

What McKenzie .overlooks is that the order for *permanent* custody which .respondent proposed to enter on September 22, 1955, could not possibly. frustrate or interfere with his appeal from the June order for *temporary* custody or that appeal's object,· if indeed he had a right to appeal. To us this seems so clear that elucidation could not make it . clearer. Whether the temporary custody provision of the June order was appealable, as he claims, is therefore of no relevance. But parenthetically we do observe that we ruled in Green v. Green, supra, 240 S.W.2d 742, that a similar temporary custody order was not appealable because it was not final. Furthermore, the custody provision of the June order expired by its express terms

on September 8, .1955,. and any controversy relating to it had become moot on that date. Dolan v. Richardson,. Mo.App., 181 S.W.2d 997, 998; Fugel v. Becker, Mo.Sup., 2 S.W. 2d 743, 745–746; Hribernik v. Reorganized School Dist. .R–3, Mo.App., 276 S.W.2d 596, 598. . At all events, we think. it is obvious that respondent threatened no interference with any "matter on appeal," the only ground McKenzie puts forward under this point as warranting prohibition.

The only ruling in the Green case has been noticed and it is plainly of no aid to McKenzie.

In the Willis case a husband had been granted a decree of divorce. Subsequently the wife filed a "Motion to Set Aside Divorce Decree" on the ground that "at the time the acts complained of by plaintiff, if any, were committed, the defendant was not accountable for and was incapable of understanding their nature and of restraining herself from their commission because of· her mental condition and insanity." On presentation of that motion the trial court took evidence from. one witness relating to the wife's mental state and then set ·aside the decree of divorce it had granted the husband and dismissed his petition. On appeal it was: ruled· that the evidence presented at the trial and on the after-trial motion was not sufficient to establish the insanity of the wife. This ruling on that branch of that case is of no relevance here. The court ruled also that after a motion for a new trial is granted in a divorce suit, a court cannot grant a diametrically opposite decree on the testimony presented at the first trial or on. that directed to an after-trial motion, or on both, but must try the cause *de novo*. The decree of divorce originally granted was ordered reinstated. This ruling does not reach, much less determine, the question before us.

■ The decision of respondent granting Mrs. McKenzie a new trial on December 13, 1954, was not appealed by McKenzie. By failing to appeal, he assented to that ruling. On January 3, 1955, after

further hearing, McKenzie was again granted a divorce and he was awarded temporary custody of the children. His complaint is that the trial court on retrial tried only the issue of custody instead of trying the whole cause *de novo*. Whether or not the trial court ought to have conducted a trial *de novo* on all issues, instead of limiting the trial to the issue of custody, seems beside the point. For McKenzie was praying for a divorce and he was again awarded a divorce. He accepted that divorce and he has remarried relying on it. Certainly he does not want us to understand that he is asking us to issue our permanent writ so as to enable an appellate court to set aside his decree of divorce and declare him a bigamist and order a retrial of the divorce issue. After he was granted a second decree of divorce, and accepted it, the only remaining issue was the custody of the children and their maintenance. Whatever the scope and extent of the new trial, and the record does show it related to custody only, there is nothing to show that McKenzie was prevented at the hearings of January 3, May 2, and June 20, 1955, from presenting, on the issue of custody, any evidence he had a right to present *apropos* that subject. Certainly the only issue he contested, and the only one he now contests, the issue of custody, was in fact tried *de novo* by respondent. Our view is that the Willis case can have no application here. This point is ruled against him.

■ McKenzie's other point is, "The order of June 20, 1955, and the order proposed by the Court to be entered on September 22, 1955, * * * were modifications of the order of January 3, 1955, without proper pleadings having been filed or hearing from which action, prohibition will lie." Cited in support of this point is State ex rel. Tatum v. Ramey, 134 Mo.App. 722, 115 S.W. 458. This decision merely announces and applies the familiar rule that a *final* award of the custody of children in a suit for divorce may not be modified by a court in the absence of a motion to modify coupled with notice and a showing of new facts or changed conditions arising after entry of the original *final* decree. Here there was never a final decree for custody. It is of no relevance.

Moreover, the order of June 20, 1955, and the proposed order of September 22, 1955, were in no sense modifications of the order for custody of January 3, 1955. By its express terms the January order was only temporary, and not final, and it expired and ceased to exist on May 1, 1955. Until June 20, 1955, there was no order relating to custody. By its express terms the June order was only temporary, and not final, and it expired and ceased to exist on September 8, 1955. Thereafter there was no order for either temporary or permanent custody and there was no order at all to modify.

On September 22, 1955, respondent already had held three hearings on the issue of custody and no assertion is made that the parties were not heard each time as fully as they desired. By conferring with counsel on that day, respondent determined that Mrs. McKenzie had maintained sobriety. This was the sole remaining question with which he was then concerned. He thought he was otherwise fully informed. No further hearing was requested by McKenzie. Instead, his position was and now is that no order relating to custody could be entered without new pleadings united with notice and a showing of new facts or changed conditions arising after entry of the January order. Respondent rightly disapproved this contention. It was meritless. He concluded the time was at hand for entry of an order for permanent custody on the pleadings and evidence then before him. He announced he would enter such an order. We think he would have been entirely within his jurisdiction if he had done so.

For these reasons, our preliminary rule must be discharged. It is so ordered.

ANDERSON, P. J., and MATTHES, J., concur.