MAPLEWOOD PLANING MILL AND STAIR COMPANY, Plaintiff,

v.

PENNANT CONSTRUCTION COMPANY, a Corporation, et al., Defendants.

Justice D. ZAHNER, Plaintiff-Appellant,

v.

PENNANT CONSTRUCTION COMPANY, a Corporation, and Sophia Fox Kenamore, Defendants, and Sophia Fox Kenamore, Defendant-Respondent.

No. 30487.

St. Louis Court of Appeals.

Missouri.

March 21, 1961.

Motion for Rehearing or to Transfer to Supreme Court Denied April 17, 1961.

Henry G. Morris, St. Louis, for plaintiff-appellant.

Jackson F. Adams, St. Louis, for defendant-respondent.

OWEN, Special Judge.

Appellant Justice D. Zahner recovered judgment in the circuit court of the City of St. Louis on July 28, 1959, for $3,552.89 against Pennant Construction Company but was denied a lien against premises owned by respondent Sophia Fox Kenamore, located at 5297 Washington Boulevard and 608 Union Boulevard in the City of St. Louis, on which appellant, a painting contractor, had done work and furnished materials at the request of the president of the Pennant Construction Company, general contractor. The general contract between Pennant Construction Company and Sophia Fox Kenamore, owner of record and her late husband, Dr. Bruce D. Kenamore, was entered into in August, 1955. Dr. Kenamore died on March 29, 1957. According to his agreement with Pennant Construction Company, appellant was to receive compensation on the basis of the prevailing rate for painters ($3.65 per hour) for time spent on the job by him and his helpers in addition to reimbursement for materials furnished. Some work was done by appellant on October 14, 1955, consisting of priming windows and then on November 18, 1955, the work of painting began and was concluded on or about March 15, 1956. Total charge by appellant for labor and materials on this job according to his mechanic's lien and his petition was $4,200.38 and payments were made on the account of $730 on December 3, 1955, $414 on February 13, 1956 and $132.20 on March 15, 1956, said payments totalling $1,276.20 leaving a balance due of $2,924.18. Mechanic's lien was filed on June 14, 1956 for this amount with the Clerk of the Circuit Court in St. Louis.

On August 31, 1956, appellant filed his petition to enforce mechanic's lien in the Circuit Court of St. Louis against Pennant Construction Company and Sophia Fox Kenamore alleging that Pennant Construction Company is justly indebted to him in the sum of $2,924.18 for materials furnished and work and labor done by plaintiff at the special instance and request of defendant, Pennant Construction Company, in painting and redecorating the building owned by Sophia Fox Kenamore, averring the demand became due on March 15, 1956 and that within four months thereafter plaintiff filed said account with the Clerk of the Circuit Court, on June 14, 1956, and

that more than ten days prior to filing said account, and on May 24, 1956, plaintiff gave Sophia Fox Kenamore notice in writing that he held a claim against said building.

On December 12, 1956, appellant filed a motion in the Circuit Court to consolidate his cause with another suit which had been previously filed by Maplewood Planing Mill and Stair Company, an action in equity for the determination and enforcement of a mechanic's lien against the same parties, but in which appellant had not been joined. The motion was sustained and the causes were consolidated on March 16, 1957. This consolidation has no effect upon this appeal, as this cause was tried independently of the other cause and separate judgment was entered.

On November 3, 1958, defendant Sophia Fox Kenamore, filed her answer, stating that she had no information concerning any indebtedness of Pennant Construction Company for work claimed to have been performed by plaintiff between October 14, 1955 and February 3, 1956, but asserting that the time worked by plaintiff appellant on February 6, 1956, and subsequently was under a separate contract between plaintiff appellant and Bruce D. Kenamore and that on February 3, 1956, plaintiff had abandoned his claimed contract with Pennant Construction Company and that the credits of $414.00 on February 13, 1956 and $132.20 on March 15, 1956, were paid to plaintiff appellant by Bruce D. Kenamore under a separate contract between plaintiff and Dr. Kenamore; that plaintiff appellant has attempted to hook the work performed on and after February 6, 1956, under separate contract with Dr. Kenamore on to his lien statement against Pennant Construction Company unlawfully and for the sole purpose of claiming to have filed a mechanic's lien within the statutory period allowed by the laws of the State of Missouri; and that the lien is barred under the statutes and unenforceable.

Pennant Construction Company did not file any pleadings and was not represented at the trial. The question for determination here is whether appellant was entitled to a lien against the property of Sophia Fox Kenamore.

It appears from the evidence that appellant had been paid $730 by Pennant Construction Company on December 23, 1955, for a bill rendered on December 10, 1955. On January 3, 1956, he sent a bill for $817.60 to Pennant and another for a like amount on January 20, 1956, and another for $642.40 on February 4, 1956. His bill for materials, sent to Pennant on March 15, 1956, was for $652.58. These bills were not paid. On February 13, 1956, he received $414.00 and on March 15 (or 23), 1956, he received $132.20. Both of these bills were paid by Dr. Kenamore. These two bills are for labor performed on February 6, 7, 8, 9 and 10 and March 12, 13, 14 and 15 (or March 20, 21, 22 and 23), 1956, a total of 148 hours at $3.65 per hour and in addition $6 for a gallon of paint plaintiff appellant had purchased.

Plaintiff appellant, during the trial, testified that he informed Mr. Anderson, President of the Pennant Construction Company and Dr. Kenamore that he was going to quit on February 3, 1956. While he testified at the trial that he expected Pennant Construction Company to pay for work performed after that date he was confronted with testimony in his deposition that he expected to be paid by Dr. Kenamore for the work performed after February 3, 1956. He admitted he had so testified. Offered in evidence was a copy of a bill from plaintiff appellant to Dr. Kenamore dated March 23, 1956, for $132.20 which is noted "Paid 3/23/56 J.D.Z." Plaintiff testified that materials purchased during the time he was working under the agreement with Pennant Construction Company were used on and after February 6, 1956.

There is some question concerning whether the last four days of work were on March 12, 13, 14 and 15 or March 20, 21, 22 and 23 but it would appear the latter

is correct because the receipted bill offered in evidence shows these days and appellant admitted he did not work both weeks. And this bill contains an item for $24 for the balance on a previous bill for which he received payment. This bill is addressed to Dr. Kenamore and it appears to us the reference to a previous bill would serve to establish, inasmuch as it was paid by Dr. Kenamore, that the prior bill was likewise addressed to him.

■ We feel that the evidence reasonably establishes the fact that appellant did abandon his contract or agreement with Pennant Construction Company on February 3, 1956, and that any work he did after that date was not done for Pennant Construction Company. Strengthening this conclusion is the fact that the bills rendered by him to Dr. Kenamore on February 13, 1956, for $414.00 and March 23, 1956, for $132.20 were paid by Dr. Kenamore on the dates presented. And on the bill dated March 23, 1956, there is the notation "Balance on previous bill—$24.00." It is established that the bill of February 13, 1956, should have been for $438. At the time of the rendering of the first bill to Dr. Kenamore there was owing the appellant from Pennant Construction Company for labor and materials, a balance of ₴2,930.18, none of which is mentioned on the bill from appellant to Dr. Kenamore which was offered in evidence.

■ We therefore conclude that the lien filed on June 14, 1956, was more than four months after the last work performed by him on February 3, 1956, as a subcontractor under Pennant Construction Company and was not timely filed. V.A.M.S.1949, Section 429.080.

Appellant says "the law is well settled that items for which a mechanic's lien is claimed forms part of one contract and the last items accrue when in the statutory limit it will attach as to all and when finally installed on the premises" citing Schmeiding et al. v. Ewing, 57 Mo. 78. We do not construe the Schmeiding case to so hold.

In fact it does not support the contention of appellant that materials purchased by appellant prior to February 7, and used during the period claimed to have been under separate contract with Dr. Kenamore from February 6, 1956 to March 15, 1956 (or March 23) are proper items lienable under mechanic's lien filed on June 14, 1956. Nor do we find any reference whatever in the case concerning final installation of materials as affecting the right to a lien.

In Berkshire v. Hall, Mo.App., 202 S.W. 414, loc. cit. 416, the Kansas City Court of Appeals held:

"* * * The facts in this case are entirely unlike those where a materialman is attempting to tack on orders that had been barred by limitation to subsequent orders that were not barred, and have the whole declared a lien on the theory that they were furnished under one continuing contract when a contrary intention was shown by his rendering a statement or statements wherein he treats some of the orders as separate contracts. It is but natural for one to demand payment of the entire amount of money due him, whether it be due on one contract or various contracts, dealings, or transactions."

In Laitner Plumbing & Heating Co. v. Platt Land Co. et al., Mo.App., 67 S.W.2d 524, loc. cit. 526, it was held:

"* * * Now, although the burden was on the lien claimant to produce evidence showing that it was lienable, yet there is enough to show that a conclusion therefrom was permissible either way, and the trial court sitting as a jury found against the lien. It is elementary that, when this is the case, the appellate court will not disturb the judgment, and, even in equitable actions, will defer to the judgment of the trial court, owing to his advantage in hearing the witnesses and observing them as they testified. Reynolds' Appeal, 70 Mo.App. 576, 580; Eau Claire-

St. Louis Lumber Co. v. Wright, 81 Mo.App. 535; Schilb v. Pendleton, 76 Mo.App. 454. * * *"

■ Appellant asserts that any inconsistency between testimony at the trial and that given in a deposition goes only to the credibility of the witness and does not destroy his testimony at the trial. This refers to testimony at the trial that he expected to be paid for work performed after February 3, 1956, by the general contractor and his admission that he had testified in his deposition that he expected to be paid by Dr. Kenamore. It is not a question of whether his testimony at the trial that he expected to be paid by the general contractor is destroyed by his admission that he had testified he expected to be paid by Dr. Kenamore. We do not believe that the testimony at the trial must be accepted as absolute and final and that the admission of contrary testimony in deposition is to be rejected. Certainly the trial court sitting as a jury had the right and the duty to evaluate the testimony thus given and accord it such credence as in its judgment such testimony merited.

■ The deposition of plaintiff was not introduced in evidence as intimated by counsel for appellant. Nor did plaintiff's admission that he made the answer in his deposition waive the provisions of V.A. M.S.1949, Sec. 491.010, so as to make his testimony as to conversations with Dr. Kenamore, then deceased, contained in the deposition, competent evidence and the court properly excluded the reading thereof.

■■ The general rule is that a deposition cannot be read in evidence when the deponent is present in court except to impeach the testimony of the witness or as an admission against interest. Winegar v. Chicago, B. & Q. R. Co., Mo.App., 163 S. W.2d 357. The competency of a deposition is to be determined by the status of the witness at the time the deposition is offered in evidence. Howard v. Strode, 242 Mo. 210, 146 S.W. 792.

We find no error in the admission or exclusion of evidence and are of the opinion the trial court's finding and judgment are supported by the evidence and the law.

In reaching these conclusions we have given substantial and due weight to the findings of the trial judge who had the opportunity to hear and view the witnesses and judge their credibility.

The judgment is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.