**Mary Cella McFADDEN, Plaintiff-Respondent,**

v.

**James F. McFADDEN, Defendant-Appellant.**

**No. 35111.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 7, 1974.

———◆———

Gerritzen & Gerritzen, Ray A. Gerritzen, St. Louis, for defendant-appellant.

Daniel P. Reardon, Jr., St. Louis, for plaintiff-respondent.

WEIER, Judge.

Cross motions of the parties for modification of custody orders concerning their minor children were granted in part by the court. Defendant has appealed.

Plaintiff and defendant were divorced on September 22, 1969. At that time plaintiff mother was granted care and custody of the five minor children but was prohibited from moving the children from the State of Missouri. Defendant father was granted visitation rights and temporary custody on alternate weekends and certain holidays. In a subsequent motion to modify, custody of the oldest child was transferred from plaintiff to defendant father effective June 1, 1972. Plaintiff was given temporary custody of the child on alternate weekends, certain alternate holidays, and two weeks in the summer of each year.

The court's instant judgment October 12, 1972, modifying the previous custody orders (and subsequently modified December 29, 1972) permitted plaintiff to remove the three youngest children from the State of Missouri for residence and eliminated the rights of defendant with regard to visitation or temporary custody other than at Thanksgiving and Easter in odd-numbered years and at Christmas in even-numbered years. Defendant was also awarded temporary custody of the three youngest children for a continuous period of two weeks during a period between July 1 and September 1 of each year at a time to be determined by plaintiff before June 1 with notice to defendant by that date. As heretofore described, defendant father had been previously awarded the custody of the oldest child. The decree from which this appeal has been taken also awarded custody of the second oldest child, Kenneth, to defendant. Plaintiff mother was awarded temporary custody in the state of defendant's residence of the two oldest children on certain holidays and "at such times in Missouri or outside of this state between July 1st and September 1st of each year, as said children or either of them elect, in writing addressed to plaintiff, to be in her temporary custody."

On appeal, we have been requested to review the case de novo and after review of

the evidence to determine that the court erred in failing to transfer the custody of all the children to their father, the defendant. Before considering this review, however, we will dispose of certain technical matters directed toward the admission of evidence. In this connection, defendant first contends that the court erred in failing to accept testimony of certain of the children as to events that occurred up to the date of the hearing. The incident complained of occurred on the second day at which evidence was taken by the court, some nine days after the first hearing date. At that time one of the children was placed on the stand to testify with regard to some recent events concerning the dispute between the parents and particularly with regard to the treatment of this child by the plaintiff, his mother. These were events which had occurred between the date of the first hearing on the motion and the date of the second hearing. The court sustained an objection to the introduction of this evidence because it came in after the date of the filing of the motion to modify, but allowed the testimony as an offer of proof.

One of the elementary rules of evidence is that all facts and circumstances which are relevant to the issues of the case are admissible, unless their exclusion is required by some established principle of evidence. Godsy v. Thompson, 352 Mo. 681, 179 S.W.2d 44, 49 [8] (1944), cert. den., 323 U.S. 719, 65 S.Ct. 48, 89 L.Ed. 578 (1944); State v. Knight, 356 Mo. 1233, 206 S.W.2d 330, 333 [8] (1947). On the hear-

ing of a motion to modify, the court may consider changed facts and circumstances after the prior decree and material facts existing at the time of the decree but unknown to or concealed from the court. In re Wakefield, 365 Mo. 415, 283 S.W.2d 467, 473 [14] (banc 1855); Endicott v. Endicott, 435 S.W.2d 388, 390 [2] (Mo.App. 1968).[1] The reason for not going into matters which occurred prior to a previous decree is they have been merged into that decree and thereafter may not be inquired into under the doctrine of res judicata, which favors the repose of litigated issues. But this rule applies only as to matters which occurred prior to the last decree concerning a child's custody.[2] The court should have admitted and considered all relevant testimony as to events which occurred after the first hearing on the motion and up to the time of the second hearing. See Brenneman v. Hildebrandt, 137 Mo.App. 82, 119 S.W. 452, 453 [3] (1909). The offer of proof, however, consisted of the testimony itself, and we have therefore been able to consider this additional testimony in our review of the evidence without remand.

In another contention of error on the admission of evidence, defendant complains of the court's ruling on refusing to admit a 1968 Firmin Desloge Hospital record which defendant contends is relevant in that it showed a behavior pattern which indicated plaintiff to be unfit to raise her children. We agree with the trial court in sustaining the objection to the introduction of this exhibit because it

---

1. Now codified by § 452.410, RSMo. 1969, V.A.M.S. (effective Jan. 1, 1974), which states: "The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."

2. Precise rules are not followed in matters where the welfare of a child is the prime consideration, Ackfeld v. Ackfeld, 483 S.W. 2d 614, 616 [1] (Mo.App.1972), and technical rules are not to be given serious consideration in cases of this kind, Gianformaggio v. Gianformaggio, 341 S.W.2d 293, 296 [2] (Mo.App.1960).

concerned matters preceding the decree of divorce, and further, it is too remote and not relevant to the instant proceeding. As previously stated, when the custody of a child has been fixed in a divorce decree, as here, there can be no change made respecting this custody except upon a showing of changed conditions since the entry of the decree, or upon material and relevant facts existing at the time of the decree but unknown to or concealed from the court, and then only for the welfare of the child. Endicott v. Endicott, *supra,* 435 S.W.2d 388, 390 [2] (Mo.App.1968). There was no showing by defendant that this hospital report was not the subject of inquiry or was not made known to the court at the time of divorce or prior modification. It was certainly remote in that it covered a period of time more than four years prior to the instant modification hearing. We find this contention without merit.

▉▉▉ Another contention of error in regard to the admission of evidence is raised on the failure of the court to admit as evidence the deposition of a physician who had examined plaintiff. This deposition had been taken by the attorney for the defendant in anticipation of the fact that the doctor's wife had been scheduled for surgery on the morning the case was set for trial and he would therefore not be able to attend. The case was set for hearing on October 2, 1972, but the deposition was not presented until the case was further heard on October 12, 1972, and there was no indication that the doctor could not be present on that date. The deposition of a physician who is engaged in the discharge of his official or professional duty at the time of trial may be read in evidence. Rule 57.29, V.A.M.R. But here the record does not indicate that the doctor was engaged in the discharge of his duties on October 12, 1972, the day that his deposition was offered to the court. None of the other facts authorizing the reading of the deposition into the evidence under the rule

were shown to exist. We therefore determine that this contention has no merit.

▉▉▉ We now turn to the question whether the decree of the court is supported by the evidence. In this we are admonished not to set the judgment aside unless clearly erroneous and, of course, due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(d). We have considered the evidence presented to the court in this case. As in so many other cases involving child custody, neither party has been shown to be altogether fit for the rearing of the children. Yet neither is so unsuitable as to cause us to believe that the children should be taken from the parents and placed in a foster home. It would do no service to the children and would do no honor to the parents to recite all of the facts which prior to trial of this motion almost led to a complete breakdown of parental authority and the establishment of a suitable environment for the children in the homes where they had been placed. The trial judge, after hearing the evidence from each side, including testimony of the children who were involved in continuing crises which might be characterized as displays of parental immaturity and irrationality, wisely decided that the two older children, both boys, would be better off with the father, and that the three youngest children would be better off with the mother. The wisdom of this choice as to the oldest boy had been demonstrated by this child's improved behavior since the prior modification placing him with the father, and we cannot say that the decision in this proceeding with regard to the division of the custody of the five children was clearly erroneous. It is also apparent to us that the three youngest children will be better served by allowing the plaintiff to move with them from the State of Missouri to another place of residence where the plaintiff will live with her husband by remarriage and where they will be away from constant interference by the defend-

ant father. We note that the time and location of temporary custody of the two oldest children by plaintiff is to be determined by the children themselves. We believe it is unwise to accord children the authority and power to determine when they are to be placed in the temporary custody of the other parent who does not have their permanent custody. Obviously this is a matter which should be determined by the parents themselves under a plan fixed by the court.

We, therefore, affirm the trial court's placement of the custody of the minor child Kenneth in defendant subject to plaintiff's temporary custody of both older boys in the state of defendant's residence from 10:00 a. m. to 8:00 p. m. on Christmas and Mother's Days, and for two continuous weeks in Missouri or outside of this state between July 1 and September 1 each year, but direct that the determination of the time be made by the plaintiff and that she notify defendant thereof by registered mail addressed to his last known address on or before June 1st of each year. That portion of the decree authorizing plaintiff, who already had received custody of the three youngest children, to remove these children for residence to any place in or outside of the State of Missouri is affirmed. We further approve the court's order with respect to temporary custody in defendant of these three children at the times and in the manner specified.

The judgment of the court is therefore affirmed in the respects hereinabove set forth, and reversed and remanded with instructions to enter a new judgment as hereinabove directed with respect to a determination of the time of temporary summer custody by the two oldest children. Costs on appeal are assessed one-half to plaintiff and one-half to defendant.

DOWD, C. J., and SIMEONE, J., concur.