Cleta NULL and Charles Null, Plaintiffs-Respondents,

v.

Michael GRAY and Frederick G. St. Clair, Defendants-Appellants.

No. 36699.

Missouri Court of Appeals, St. Louis District, Division One.

March 9, 1976.

Goldenhersh & Newman, Leo M. Newman, St. Louis, for defendants-appellants.

Lawrence O. Willbrand, St. Louis, for plaintiffs-respondents.

McMILLIAN, Judge.

This is an appeal from the jury verdict of $6500.00 in favor of plaintiff-respondent Charles Null on Count II of a negligence action. For the reasons stated below, we reverse and remand for a new trial.

On August 31, 1971, respondent's wife was in one of a line of cars stopped at a stop sign, when a chain collision occurred.

The car behind her was struck from the rear by defendant Gray's car, causing St. Clair's car to strike her car from the rear. Although she did not complain of any injury at that time, the next day she consulted her family doctor, Dr. Miles Whitener, for headaches and a swollen neck. Over the next year Dr. Whitener referred her to several specialists, one of whom was Dr. J. P. Schaerer, a neurosurgeon. In July, 1972, Dr. Schaerer performed cervical disc surgery, and, in September, 1972, he performed low back surgery. Before she saw Dr. Schaerer, her medical expenses had been approximately $600.00. After she saw Dr. Schaerer, her medical expenses went up to approximately $6900.00. Respondent paid all of her medical bills.

Respondent and his wife sued appellant for negligence in two counts: Count I for his wife's injuries and suffering, and Count II for respondent's medical expenses, lost wages, and loss of consortium. Respondent took a deposition from Dr. Schaerer, which indicated that he did much surgery and would .not be able to testify during the week the case was scheduled for trial. The case, however, was not reached for trial until over a year later. At trial, when respondent offered Dr. Schaerer's deposition into evidence, appellant objected on the ground that no foundation had been laid for its reading since there was no showing that Dr. Schaerer was " . . . engaged in the discharge of his official or professional duty at the time of the trial," as required by § 57.29(b)(5), V.A.M.R. The court overruled the objection, stating, " . . . I take the position that as long as he is a practising physician, that is sufficient to come within paragraph 5 of the rule." The jury returned a verdict for respondent's wife in the sum of $1,000.00 on Count I; for respondent in the sum of $6,500.00 on Count II; and in favor of defendant St. Clair on both Count I and II. Respondent wife does not appeal on Count I; nor was there any appeal of the judgments entered in favor of St. Clair on Counts I and II.

On appeal, appellant contends that the court erred in allowing respondent, over objection, to read Dr. Schaerer's deposition to the jury for the reason that respondent failed to establish a foundation for its admissibility. We agree and reverse for a new trial on that basis. Therefore, appellant's other contentions—excessiveness of the verdict and use of the abandoned M.A.I. 17.16 Instruction—need not be reached as they may not recur. *McCaffrey v. Estate of Brennan*, 533 S.W.2d 264, handed down February 3, 1976 (Mo.App.).

This case is governed by Rule 57.-29(b)(5). Since the time of trial that section has become Rule 57.07(a)(3)(C); the wording of the relevant parts is identical. Rule 57.07(a), Use of Depositions, in court proceedings, reads:

"(3) The deposition of any witness who is not present in court may be used by any party for any purpose if the court finds: . . . (c) that the witness is a judge of a court of record, a practicing attorney or physician *and engaged in the discharge of his official or professional duty at the time of trial* . . . ." (Emphasis added.)

The rule provides that such finding may be based upon testimony within the deposition itself. And the finding as to inability of a witness to attend court rests largely within the discretion of the trial judge. *Boyle v. Crimm*, 363 Mo. 731, 253 S.W.2d 149 (1952). However, " . . . [t]he competency of a deposition is to be determined by the status of the witness at the time the deposition is offered in evidence. . . . " *Maplewood Planing Mill & Stair Co. v. Pennant Construction Co.*, 344 S.W.2d 629, 633 (Mo. App.1961). See also *Key v. Kilburn*, 228 S.W.2d 731 (Mo.1950) and *McFadden v. McFadden*, 509 S.W.2d 795 (Mo.App.1974).

There is no doubt that the deposition in question would have been admissible during the week that the case was originally set for trial. The deposition itself established the witness' surgery schedule for that week. But such showing was limited to

**826**

that one week, and the deposition was thereafter inadmissible without a contemporaneous showing of unavailability. Respondent argues that the mere fact that the witness was a "practicing" physician raises an inference that he was unavailable because of professional duties. Such a reading would require us to treat the italicized portion of the rule as surplusage. That is, a "practicing" physician would be deemed unavailable regardless of the reason for his or her failure to testify. However, a statute should be construed so as to give meaning to every word. 2A Sutherland Statutory Construction § 46.06 (4th Ed., Sands 1973); *State v. Carter*, 319 S.W.2d 596 (Mo. Banc 1958) and *Welborn v. Southern Equipment Co.*, 386 S.W.2d 432 (Mo.App.1964). The rule is clear on its face. It requires a finding not only that the witness is a practicing physician but also that he or she is unavailable because of professional duties. These provisions are consistent, and both can be given effect. A deposition by a practicing physician is not admissible unless that physician is also unavailable due to professional duties at the time of trial. See *McFadden v. McFadden*, supra. The burden must be on the party offering the deposition to show its admissibility, not on the other party to overcome an inference of unavailability.

Respondent also argues that it is customary in the legal profession to dispense with the technical aspects of depositions, apparently for reasons of cost and convenience. However, the policy embodied in the rule, that a witness appear in person unless qualified under an exception is a sound one. It enables the judge or jury to assess the witness' credibility and facilitates comprehensive examination in light of other evidence presented at trial. Litigants are entitled to the protection of requiring the party offering a deposition to show that the witness is, in fact, unavailable.

Here, respondent did not even attempt to make a showing that the witness was " . . . engaged in the discharge of his official or professional duty at the time of the trial." The judge did not believe that such a showing was necessary and explicitly based his ruling on the sole fact that the witness was a "practicing" physician, without making a finding as to his unavailability at the time of trial. Therefore, the witness did not come within the exception in rule 57.07(a)(3)(C). Consequently, it was error to admit his deposition into evidence.

 Furthermore, the error was so prejudicial as to require reversal. Dr. Schaerer's testimony was the sole evidence of the surgery and the concomitant hospital and doctor bills. Obviously, the damage award was predicated on his testimony. If Dr. Schaerer's evidence were excluded, there would be no evidence to support the verdict.

Cause reversed and remanded for a new trial on the issue of damages only.

WEIER, P. J., and RENDLEN, J., concur.